H. & S. W. HODGES, HORATIO WALKER AND GEORGE T. HODGES
*v.* RUEL PARKER AND SAMUEL P. CURTISS.

The individual members of a copartnership, who have advanced money for the benefit of the firm, are, in an action of account brought to liquidate the concerns of the firm, entitled to interest on such advances from the time they were made.

The supreme court, upon a hearing upon an auditor's report, will not examine as to whether the auditor has drawn wrong conclusions as to the facts from the testimony before him, or whether he has made mistakes in the computation of interest, or whether he has neglected to report any facts which he was requested to report; these matters must be inquired into before the county court.

ACCOUNT. The parties to this action had formerly been partners in the business of purchasing and selling wool, &c., under the name of the " Wool Co.," and this action was brought to liquidate and adjust the partnership accounts. Judgment to account was rendered in the county court, and auditors were appointed.

The auditors reported transcripts of the accounts of the parties, and that the transactions stated therein comprised all the business which was done on the joint account of the plaintiffs and defendants; and they found a balance due from the defendants to the plaintiffs of $62,39.

The defendants filed exceptions to the report, assigning as causes,—1, That the auditors had not returned the accounts of the parties, with their reasons for allowing, or disallowing, certain items therein; 2, That the auditors had charged the *defendants* with interest on moneys, received by them to expend upon the joint account, from the date of the receipt of the money to the time of the audit; 3, That the auditors had charged the defendants with $1000 as received by them Aug. 19, 1830, when the receipt exhibited by the plaintiffs as a voucher for that charge bore date Aug. 29, 1830, and had an indorsement upon it of $7,50, which was not noticed by the auditors; 4, That the auditors had omitted to give the defendants credit for an item of $32,31, credited by the plaintiffs to the defendants for their portion of the profits of the concern in 1830,

and respecting which there was no dispute between the parties, without giving any reason for such omission.

The county court overruled the exceptions, and rendered judgment upon the report in favor of the plaintiffs; to which decision the defendants excepted.

*Thrall & Pond* for defendants.

*S. H. & E. F. Hodges* and *Ormsbee & Edgerton* for plaintiffs.

The opinion of the court was delivered by

Williams, Ch. J. There are no errors appearing upon the face of the report, which require us to reverse the judgment of the county court in accepting it. If the auditors drew wrong conclusions from the testimony, or if they mistook in casting interest, it should have been rectified in the county court. But, inasmuch as we cannot resort to the evidence which was had before the auditors, it cannot be here determined whether any wrong conclusion has been made, or whether any mistakes occurred.

The first exception, to wit, that the accounts have not been returned, is not sustained by the papers before us, inasmuch as it appears that the accounts were returned, as adjusted by the auditors.

In relation to the allowance of the interest, this, so far as it depended upon the testimony, was a subject exclusively for the consideration of the auditors; and from their report we consider that they allowed and cast the interest correctly. The plaintiffs were entitled to interest on the money advanced, from the time it was advanced.

The other exceptions, which have been urged, present no question of law. If the auditors did not decide correctly on the testimony, or if they omitted to report any facts which they were required to report, this should have been made to appear to the county court, who were competent to correct the error, either by re-committing, or rejecting, the report, as the evidence before them might have required. But we discover no error, either in the auditors, or in the county court, which calls for a reversal of their judgment.

The judgment is affirmed.