MARGARET LLOYD, Administratrix, &c., Respondent, v. JOHN T. CARRIER, Appellant.

(GENERAL TERM, THIRD DISTRICT, DECEMBER, 1868.)

Where a member of a partnership firm advances money for its business beyond what is required of him by the copartnership agreement, he is entitled to interest on such advances.

Lloyd v. Carrier.

One of two copartners advanced moneys for the firm business in excess of the amount which he had agreed to furnish therefor, and charged interest thereon upon the firm books, which, after dissolution, the firm clerk, acting for such partner and in connection with the other partner examined, and no objection was made by the latter to the charge; statements of the accounts were also presented to the latter partner, including the charge for interest, and he then made no objection; in an action by the partner who had made the advances, for an accounting, the referee allowed the item of interest as upon an account stated.—*Held*, on appeal, that his decision should be sustained.

APPEAL from a judgment entered on the report of a referee.

Lloyd, the plaintiff's intestate, brought the action against Carrier, his former partner, after dissolution of their partnership, to recover a balance claimed on account thereof. Lloyd having deceased, *pendente lite*, the plaintiff was substituted as his administratrix. The referee found that the firm had been dissolved in May, 1861, and that Lloyd had previously advanced moneys for the prosecution of the firm business, for which he, through the firm clerk, had charged interest upon its books. That after the termination of the partnership, Carrier, in connection with such clerk, acting as Lloyd's agent, had examined and compared the firm accounts, and that Carrier had then made no objection to the charge for interest; that afterward statements of the accounts, including the charge for interest, were presented to Carrier and he did not object to such charge. Other facts are stated in the opinion of the court.

*N. C. Moak*, for the respondent.

*S. F. Higgins*, for the appellant.

Present—INGALLS, HOGEBOOM and PECKHAM, JJ.

By the Court—PECKHAM, J. The sole question in this case is as to the allowance of an item of interest charged by the intestate against the appellant upon moneys advanced by

him to the firm during its existence, amounting to $783.06.
The action is brought for an accounting between parties as
partners in the pork business.  The contract of partnership
was in writing, and provided, first, that Lloyd should furnish
" pork barrels, salt, &c., necessary for conducting said busi-
ness, and shall sell the pork in barrels, lard, &c., &c., and
shall not receive any compensation for his personal services ;"
also that " Carrier shall be allowed for the use of said store,
smoke-house, lard-house, all implements and tools, horse and
wagon, harness, &c., $300 for the season, or in like proportion
should not the partnership be continued for the season."

Further, it was agreed that " Carrier shall give his personal
attention to the business of packing and manufacturing, and
shall not receive any compensation therefor, they being an
offset to said Lloyd's services."  This contract was dated
September 15, 1860, and the business was substantially closed
about the first of May, following, Lloyd in the meantime
having advanced all the money for the business.  The con-
tract also provided that Carrier might draw out, not over ten
dollars a week, to be charged to him ; profits to be equally
divided.  Who should supply the money for the business,
the contract did not declare, but it was provided that Lloyd
should " place a clerk in the store, who should have the
exclusive control of the books and moneys or evidences of
debt, and who should deposit from day to day, with Lloyd,
such cash or evidence of debt, and make such report as might
be deemed proper.

There was no provision for the payment of interest on
moneys to be advanced by either partner, nor any arrange-
ment for the supply of capital for the business.  So far as the
case discloses, just and adequate provision was made for each
party for everything, either was to supply to the firm.  There
was then no reason why one partner should supply money for
the business capital, any more than the other.  Under such
circumstances, if the firm borrowed money from one of its
members, or in other words, if one member advanced money
to the firm for its business, is there any reason or equity why

the firm should not pay interest on that loan in the same manner as if it had borrowed of any other person. I can see none.

The defendant insists that he had to give his personal attention to the "packing and manufacturing," and that Lloyd was to do very little. But, on the contrary, it is expressly provided that the defendant should have no compensation for these services, "they being an offset to Lloyd's services."

The accounts of the firm were kept by its clerk, H. Trowbridge. He was paid by the firm, and he, knowing all the facts, made this charge for interest. The charge, thus made, was in some degree the act of the firm. It was examined by Carrier. In fact, the law presumes as a general rule that he examined the firm books; it was examined with the clerk with a view to a settlement of the accounts, and no objection was made by him to this item.

The referee has found that the defendant agreed to the account as found by him, as correct. I think the evidence warrants the finding. The defendant himself when examined presented no inaccuracy, and never objected to this item of interest until advised thereto by his counsel. There was then an account stated, and no reason is shown for opening it. The defendant, knowing all the facts, recognised the justice of this claim for interest. Under all the facts, I think the law agrees with him.

I said the question of interest was the only question in the case; some others are made, but that was the point chiefly urged and relied upon. The others I have examined and am quite clear that they are without merit.

Judgment affirmed.