EDWARD P. BEACH, Respondent, *v.* JAMES COLLES, Jr., Impleaded, etc., Appellant.

Plaintiff advanced to defendant C. $5,000, for the use of the latter in a certain business, under an agreement that plaintiff was to have no claim for any part of the sum advanced that should be lost in the business. In case C. withdrew from the business, or it should be terminated, the agreement stated that C.'s interest to the extent of the sum advanced with interest "should revert" to plaintiff. With the consent of the latter and with full knowledge on his part of the facts, C. sold out the business to defendant, F., taking therefor a chattel mortgage on certain personal property conditioned to pay $5,525.84. The mortgage contained no other recital of any debt and the mortgagor assumed no personal liability. In an action for an accounting, etc.. *held*, that C. could only be charged with the actual not the nominal value of the security taken; that plaintiff was not entitled to interest from the day of sale, but only from the time the money was actually received; also that in the accounting C. was entitled to interest on advances made by him in carrying on the business.

(Argued May 30, 1881 ; decided June 21, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made March 9, 1880, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts are sufficiently set forth in the opinion.

*Geo. W. Van Slyck* for appellant. The referee erred in charging defendant with the face of the mortgage given to her on the sale to Mr. Frost. (*Culver* v. *Sisson*, 3 N. Y. 264; *Salisbury* v. *Phillips*, 10 Johns. 57; *Ward* v. *Coull*, 14 Barb. 243.) The referee erred in refusing to allow defendant interest on his advances to the business. (*Lloyd* v. *Carrier*, 2 Lans. 364; *Dougherty* v. *Van Nostrand*, 1 Hoff. Ch. 39; *Andrews* v. *Andrews*, 3 Brad. Surr. 99; *Reid* v. *Rensselaer Glass Co.*, 3 Cow. 399, 426, 427; affirmed, 5 id. 587; *Leotard* v. *Graves*, 3 Caines, 234; *Lessees of Dilworth* v. *Sinderling*, 1 Binn. 488; *Trotter* v. *Grant*, 2 Wend. 413; *Bruce* v. *Campbell*, 3 Camp. 461; *Rex* v. *Smith*, 8 Vt. 361; *Jennison* v. *Hopgood*, 10 Pick. 77, 102; *Liddell* v. *McVickar*, 6 Halstead, 44.) To constitute persons partners as between themselves there must be an interest in the profits, and each party must, by the agreement, participate in some way in the losses as well as the profits. (*Patterson* v. *Blancher*, 5 N. Y. 186, 190; 1 Daly, 521; 17 Ves. 411; *Smith* v. *Bodine*, 74 N. Y. 30, 33.) Though one be expressly named in articles as a partner, if he have no interest in the stock, he is not *inter sese* a partner. (*Gidden* v. *Wallace*, 2 Bligh, Par. 270, 302.)

*Thomas H. Hubbard* for respondent... The partnership relation was not ended or Beach's rights affected by a private arrangement between Inglis and Colles to the effect that Inglis might draw out $1,800 a year without regard to the condition of the business, and that Colles should have all the profits. (Parsons on Partnership, 249, 258.) The facts as to Inglis' contribution to capital is not reviewable here. (Code of Civil Procedure, § 1337.) A partner cannot have interest on loans to his firm, unless there is a special agreement to pay interest, or unless it is shown to be the practice of the firm or the custom of the trade it carries on to allow such interest. (1 Lindley on Partnership, 786 [4th ed.]; *Ex parte Chippendale*, 4 De Gex, McN. & G. 36, 43; *Stevens* v. *Cook*, 5 Jurist [N. S.], 1415; *Reid* v. *Rensselaer Glass Factory*, 3 Cow. 373, 425–436; *Rensselaer Glass Factory* v. *Reid*, 5 id. 587, 593, 627.)

MILLER, J.   This action was brought, among other things, to compel the defendant Colles to account for the sum of $5,000 advanced by the plaintiff for the said defendant's use in a certain business which he was conducting in the publication and circulation of books, papers and tracts of a religious character.   By the agreement between the parties, the plaintiff was to have no claim for any part of the sum advanced that should be sunk or lost in the conduct of the business.   It was also agreed that if Colles withdrew his connection from the business, or should it cease by reason of death or otherwise, his interest to the extent of the money so advanced, with interest thereon, "should revert" to the plaintiff.   With the consent and after a conference with the plaintiff, who had full knowledge of the facts, and by his approval, a sale was made of the stock, books, etc., to the defendant Frost, and a chattel mortgage was taken to the defendant Colles upon the household furniture of Frost, conditioned to pay $5,525.84, the inventoried price of the books, etc., with interest.   No personal security was taken from Frost besides the mortgage, and that contained no other recital of any debt or any promise to pay the same, and the mortgagor assumed no personal liability thereby, nor was any credit given to Frost, who had no other property besides that which was mortgaged.

Upon the accounting before the referee he charged the defendant Colles with the amount named in the chattel mortgage made to him by Frost.   The appellant claims that this was erroneous, and that Coles should only be charged with the actual and not the nominal value of the security taken, that is, with the real value of the furniture, which alone constituted the security taken for the payment of the stock sold.

We think that there is force in this position, and if the property was of less value than the amount named we are unable to discover any reason why the defendant should be accountable for any thing beyond the actual value of the same. The security was taken with the acquiescence and concurrence of the plaintiff.   He knew all about it, and having assented to this exchange of the property for the chattel mortgage, he

is not in a position to claim that Colles was chargeable for the amount fixed in the mortgage. He had an interest in the assets, and was entitled to control the disposition of the same to a certain extent. He was consulted in reference to the proposed change and agreed to accept the mortgage in lieu of the stock sold. Great injustice would be done by compelling the defendant Colles to pay the full amount, when he was acting in behalf of the plaintiff and for his benefit and advantage and with his assent. The plaintiff had an opportunity to ascertain the value of the property, and if in assenting to the exchange he was deceived, Colles was not responsible. In reference to the value, the testimony shows that at the time the furniture was worth from $2,100 to $3,000. It also appears that the whole amount realized by Colles was a trifle more than $3,500. Whatever liability Colles may have incurred to the plaintiff, as he acted in taking the chattel mortgage under the advice and by the authority of the plaintiff, there is no ground which has been urged upon which he can be held liable beyond the value of the property covered by the chattel mortgage. The claim that after Colles had collected $3,500 in cash from Frost, he still held the mortgage, which, at the lowest estimate he had made of the mortgaged property, was sufficient to pay the balance due, and that he preferred to surrender the property and take Frost's notes, is not, we think, well supported, and the proof does not, as we understand, establish that the property was exchanged for the notes. But even if there was ground for such a claim, it does not obviate the vital error which formed the basis of the referee's report in charging Colles with the full amount of the mortgage, as the evidence shows that the value of the mortgaged property was from $2,100 to $3,000, and as no amount was found for such value by the referee, it would be difficult, if not impossible, to determine what deduction if any could properly be made, or what sum should be allowed on that account, and hence no definite amount can be fixed upon this appeal for which the judgment should be affirmed.

There are also other errors committed by the referee which

lead to a reversal of the judgment, and other difficulties in the way, which render it impracticable to uphold it upon the ground claimed, which we will proceed to consider. We think that the referee erred in allowing interest on the balance which he found due from the 15th day of April, 1871, the day of the sale to Frost. The debts which were due Inglis and Colles ($1,453.65), on the day named, which were collectible, were not received until afterward. The money secured by the chattel mortgage with the assent of the plaintiff did not become due until eleven months after date, and did not come into Colles' possession until long after maturity, and the final payment of $2,000, until May, 1873. Interest was not chargeable before the money was actually received, and under the circumstances was erroneously allowed as of a prior date. The claim for interest rests upon the assumption that there was a balance due the plaintiff at the time named. This theory, as we have seen, in view of the facts has no valid ground to support it, as at the time the assets had not been realized, accounts due remained uncollected, the debts were not all paid, and the affairs were in an unsettled condition.

We think that the referee also erred in not allowing interest to Colles on the advances made by him in carrying on the business. He held that these advances were loans by Colles for the benefit of the business. Such being the case, they bore interest the same as borrowed money (*Lloyd* v. *Carrier*, 2 Lans. 364), which should have been allowed. There are other questions in the case, but it is not necessary to consider them, as for the errors already stated the judgment should be reversed.

Judgment reversed and new trial granted, with costs to abide the event.

All concur.

Judgment reversed.