## SOLON I. ATHERTON v. E. J. WHITCOMB.

### MAY TERM, 1894.

*Partnership.   Interest on balance due from partner.*

1.  In the absence of contract, express or implied, or of fraud or concealment, a partner is not chargeable with interest on balances due the firm before settlement.
2.  *Hodges* v. *Parker*, 17 Vt. 242, considered.

Bill to wind up a partnership.   Heard upon a master's report at the December term, 1893, Windsor county.   START, chancellor, decreed partition of the assets, denying that the orator should be charged with interest.   The defendant appeals.

*Geo. E. Lawrence* and *F. S. Platt* for the defendant.

A partner, withdrawing more than his copartner from the firm assets, should be charged with interest. *Hodges* v. *Parker*, 17 Vt. 242 ; *Beacham* v. *Eckford*, 2 Sandf. Ch. 116 ; *Johnson* v. *Hartshorne*, 52 N. Y. 173.

*W. W. Stickney, J. G. Sargent* and *W. E. Johnson* for the orator.

A partner is not chargeable with interest on balances due the firm in the absence of fraud. *Meymott* v. *Meymott*, 31 Beav. 445 ; *Cooke* v. *Benbow*, 3 DeG. J. & S. 1 ; *Dexter* v. *Arnold*, 3 Mason 384 ; *Stoughton* v. *Lynch*, 2 Johns. Ch. 209 ; *Miller* v. *Lord*, 11 Pick. 10 ; *Waggoner* v. *Gray,*

2 Hen. &. M. 603 ; *Solomon* v. *Solomon*, 2 Kelly 18 ; *Hol-lister* v. *Barkley*, 11 N. H. 501 ; *Gilman* v. *Vaughn*, 44 Wis. 646 ; *Sweeney* v. *Neely*, 53 Mich. 421 ; *McKay* v. *Overton*, 65 Texas 82 ; *Gage* v. *Marmallee*, 87 Ill. 329 ; *McCormick* v. *McCormick*, 7 Neb. 440 ; *Freeman* v. *Freeman*, 142 Mass. 98 ; Brown's Appeal, 89 Pa. 139 ; *Kemmerer* v. *Kemmerer*, (Iowa) 52 N. W. Rep. 194 ; *Wendling* v. *Jennisch*, (Iowa) 52 N. W. Rep. 341 ; 2 Bates, Part., 834 ; Pars., Part., 526 ; 1 Lind., Part., 924.

ROWELL, J. This is a bill to dissolve and settle the affairs of a partnership that has long existed between the parties. The defendant was the bookkeeper and cashier of the firm, and both had access to the books at all times, and made entries thereon from time to time. Neither put in any capital at the time the partnership was formed, but the business was commenced and continued on the credit of the firm. Each drew out from time to time as he pleased, with the knowledge and consent of the other. They drew in all about equal amounts, and what they drew was duly entered on the books of the firm ; but the aggregate of the yearly balances against the orator, come to strike them, is greater than the aggregate of such balances against the defendant, and the defendant claims that in taking the account, interest should be computed on such balances. But there is nothing in the case to take it out of the rule as to interest on overdrafts by partners. It is true that the orator drew out in goods much more than the defendant did, which he consumed on his farm, in his stock and lumbering operations, except that some of them were furnished to his workmen. But there is nothing in the law to indicate that this is a reason why interest should be allowed on such balances, though it might be a circumstance bearing on the question of what the parties in point of fact intended in respect of interest.

There is no finding that they intended these balances

should carry interest, and nothing appears from which we can say they so intended. No balances were ever struck, nor settlement of any kind had, between them. No fraud nor other misconduct on the part of either of them is found. Neither, so far as appears, ever offered to settle nor asked for a settlement; they were alike remiss in this regard, and each knew, or might have known, the exact state of the account against the other. It is undoubtedly true that there is no unbending rule on this subject, but that each case must stand largely on its own facts and circumstances; yet, as we have said, there is nothing in this case to take it out of the rule that interest on such balances is not allowed. The case of *McCormick* v. *McCormick*, 7 Neb. 440, is strongly illustrative of this rule. There, all the partners drew out such sums as they pleased, which were charged on the firm books, and all except the plaintiff so largely overdrew that in consequence of bad debts the capital was thereby impaired to such an extent that money had to be borrowed to take its place. Some of the partners used the money to build expensive houses, and one of them, to build an expensive house on his wife's land, and she was made a party and some relief sought against her. The plaintiff claimed that he was entitled to interest on what was due at each annual rest from the time the capital was so impaired that money had to be borrowed to take its place. But the court held that he was not thus entitled, for that the deficiency arose from bad debts that were regarded as assets without considering whether they were collectable, and those overdrawing did not intend thereby to cripple, much less to bankrupt, the firm. This case agrees with the cases generally on this subject, many of which are referred to in the orator's brief.

It is claimed, however, that the law is different in this State, as shown by *Hodges* v. *Parker*, 17 Vt. 242. But that case, as reported, is very little authority on the question there involved. It does not appear what the finding of

the auditors was on the question of interest. The court says that as far as the question depended on the testimony, it was exclusively for the consideration of the auditors, and that from the report the court thought they allowed and cast interest correctly. It then goes on to say : "The plaintiffs were entitled to interest on the money advanced from the time it was advanced," and this is all it says about it. We think the fair construction of this is, that on the facts found the plaintiffs were entitled to interest, and it may have been found that it was understood that they should have interest. But if the court intended to lay that down as a general proposition, the case amounts to no more than this, that when a partner loans money to his firm he is entitled to interest on it the same as though he had loaned it to a third person ; and this is not at all in conflict with the rule on the subject here involved. The defendant makes no other question.

*Decree affirmed and cause remanded.*

Start, J., being engaged in County Court, did not sit.