JOHN C. RODGERS, Appellant, *v.* FRANK H. CLEMENT, Respondent.

1. PARTNERSHIP — RIGHT TO INTEREST UPON ADVANCES BY PARTNER TO FIRM. A partner is entitled to interest upon advances of money made to the firm without any express agreement respecting interest, when those advances are in fact loans, with respect to which he is a creditor of the firm; but he is not entitled to interest on his contributions to the capital of the firm or additions thereto, unless there is a special agreement that he shall have interest thereon.

2. APPEAL — PRESUMPTION AS TO FINDING OF REFEREE. A referee's finding that a partner is not entitled to interest " on his advances of money to and for the use of the firm," because there was no agreement for interest, cannot be sustained by virtue of a presumption that he found every fact necessary to support the judgment, and, therefore, must have found that the advances were not loans but contributions of capital, where the complaint alleges that the plaintiff loaned large sums of money to the firm, which have not been repaid, and the answer denies these allegations but admits that certain loans were made, and alleges a repayment thereof, without making any claim that the advances were capital.

*Rodgers* v. *Clement*, 15 App. Div. 561, reversed.

(Argued March 27, 1900; decided April 6, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 19, 1897, modifying and affirming as modified a judgment in favor of defendant entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David B. Hill, L. Laflin Kellogg* and *Alfred C. Petté* for appellant. The plaintiff is entitled to a credit on the accounting for the sum of $5,860.93, interest on loans and advances made by him to the firm. (*Cronin* v. *Lord*, 161 N. Y. 90; *Meserole* v. *Hoyt*, 161 N. Y. 59; *Szuchy* v. *H. C. & I. Co.*, 150 N. Y. 219; *Farleigh* v. *Cadman*, 159 N. Y. 169; *Hilton* v. *Ernst*, 161 N. Y. 226; *Beardsley* v. *Cook*, 143 N. Y. 144; *O'Brien* v. *B. T. Co.*, 31 App. Div. 632; *Israel* v. *M. Ry.*

*Co.*, 158 N. Y. 624; *Parsons* v. *Parker*, 159 N. Y. 16; *Koehler* v. *Hughes*, 148 N. Y. 507; *Randall* v. *N. Y. El. R. R. Co.*, 149 N. Y. 211.) By the referee's findings of fact it is conclusively established that the moneys upon which the plaintiff claims interest were loans or advances to and for the use of the firm, and not contributions to the capital. (*Reid* v. *R. G. Factory*, 3 Cow. 399; 5 Cow. 587; *Gillet* v. *Van Rensselaer*, 15 N. Y. 397; *Woerz* v. *Schumacher*, 37 App. Div. 374; *Foley* v. *Foley*, 15 App. Div. 276; *Chester* v. *Jumel*, 125 N. Y. 237; *Matter of Norwich Yarn Co.*, 22 Beav. 143; *Troup's Case*, 29 Beav. 353; *Matter of Beulah Park Estate*, L. R. [15 Eq.] 43.) Advances or loans to a partnership by one partner are not like capital, but like borrowing from a third person; interest is allowed thereon the same as on a loan by a third person, and no special agreement or promise to pay interest is required. (*Lloyd* v. *Carrier*, 2 Lans. 364; *Beach* v. *Colles*, 85 N. Y. 515; *Collender* v. *Phelan*, 79 N. Y. 366; *Morris* v. *Allen*, 14 N. J. Eq. 44; *Hedges* v. *Parker*, 17 Vt. 242; *Ligare* v. *Peacock*, 109 Ill. 94; *Matthews* v. *Adams*, 84 Md. 143; *Matter of G. M. Co.*, 4 De G., M. & G. 19; *Matter of Cleverdon*, 4 Ont. App. 185.) The entire evidence in this case shows conclusively that it would be inequitable and unjust, and contrary to the intention of the parties, not to allow interest. (*Stenton* v. *Jerome*, 54 N. Y. 484; *Lockwood* v. *Thorne*, 18 N. Y. 285; *Champion* v. *Joslyn*, 44 N. Y. 653; *Quincy* v. *White*, 63 N. Y. 370.)

*F. R. Minrath* for respondent. As the referee reports in favor of respondent and as the judgment thereon was affirmed by the Appellate Division, both as to the law and the facts, this court will presume each and every finding of fact which may be necessary to support the judgment rendered, except so far as such facts may be inconsistent with findings actually made. (*E. C. F. Co.* v. *Hersee*, 103 N. Y. 27; *Hoyt* v. *Hoyt*, 8 Bosw. 521; *Carman* v. *Pultz*, 21 N. Y. 547; *Grant* v. *Morse*, 22 N. Y. 323; *Meyer* v. *Lathrop*, 73 N. Y. 315; *Reitz* v. *Reitz*, 80 N. Y. 538; *People* v. *A. Ry. Co.*, 160 N.

Y. 235; *Valentine* v. *Conner*, 40 N. Y. 254; *Gardiner* v. *Schwab*, 110 N. Y. 650; *Kellogg* v. *Thompson*, 66 N. Y. 88.) There is no finding in said report that Rodgers made advances of money to the firm, and what appellant Rodgers claims were advances were really his capital contributions to the firm. (*Powder Co.* v. *Burkhardt*, 97 U. S. 117; *Ormsby* v. *Nevada*, 6 Nev. 283; *Harrison* v. *Wood*, 8 Bing. 371; *Gibbons* v. *United States*, 1 Dev. 51; *Cooper* v. *Cooper*, L. R. [8 Ch. App.] 813; *Chase* v. *Ewing*, 51 Barb. 597; *Nolan* v. *Bolton*, 25 Ga. 352.) The disallowance of interest was proper because before interest can be allowed in any case it must be by virtue of some contract, expressed or implied, and the actions of the partners under the contract negative the idea that there was any implied contract that interest should be paid. (*Jackson* v. *Johnson*, 11 Hun, 509; *Snyder* v. *Seaman*, 2 App. Div. 258; *Lewis* v. *W. L. Co.*, 14 N. Y. S. R. 302; *Sanford* v. *Barney*, 50 Hun, 108; *Matter of James*, 146 N. Y. 106; *Matter of N. Y. & B. B.*, 137 N. Y. 95; *Reid* v. *R. G. Factory*, 3 Cow. 393; *Church* v. *Kidd*, 3 Hun, 254; *Meech* v. *Smith*, 7 Wend. 315; *Johnson* v. *Hartshorne*, 52 N. Y. 173.)

O'BRIEN, J. This was an action for an accounting between partners. In the year 1887 the plaintiff and defendant formed a partnership by agreement, without writing, the purpose of which was to obtain and execute contracts for the construction of public works as might be mutually agreed upon from time to time, the partnership to continue until the contracts procured or taken by the firm had been completed or performed. The profits and losses of the business were to be equally divided between the parties. Under this arrangement the firm procured contracts to construct various public works in this and in other states, which contracts were executed and performed prior to the commencement of this action. This suit was made necessary on account of differences which had arisen with respect to the division of the firm assets and the settlement of the partnership affairs. The cause was tried before a referee, who, after stating the account, found a bal-

ance due to the defendant, including interest to April 20th, 1896, the date of the report, amounting in the aggregate to $4,928.66, and judgment was entered accordingly.   On appeal by the plaintiff the Appellate Division held that the judgment in defendant's favor was excessive in the sum of $897.52, and ordered a new trial unless the defendant should stipulate to reduce the judgment by that amount.   The stipulation was given, the judgment so modified and the plaintiff appeals to this court.

The appeal presents but a single question and that is the right of the plaintiff to be credited with an item of $5,997.66, which represents the interest upon certain moneys advanced by him for the use of the firm while it was engaged in the execution of a contract for the construction of a railroad. The referee refused to allow this item and was sustained in this ruling by the court below on appeal.   The counsel seem to be in substantial accord with respect to the principles of law applicable to such a question.   If the moneys advanced by the plaintiff to the firm were contributions of capital or additions to plaintiff's capital, then he was not entitled to interest on the same, since he must rely upon the profits of the business to compensate him for the investment, unless there was a special agreement between the partners that interest should be allowed.   (*Johnson* v. *Hartshorne*, 52 N. Y. 173 ; *Jackson* v. *Johnson*, 11 Hun, 509 ; affd., 74 N. Y. 607 ; *Sandford* v. *Barney*, 50 Hun, 108 ; *In re James*, 146 N. Y. 106 ; *Cheever* v. *Lamar*, 19 Hun, 130 ; *Stoughton* v. *Lynch*, 2 Johns. Ch. 209 ; Collyer on Part. § 318 ; Lindley on Part. 389.)

But, on the other hand, if the moneys so paid or advanced by the plaintiff for the use of the firm were in fact loans, and the plaintiff as to such advances was a creditor of the firm, he stands upon the same footing as any other creditor with respect to the right to be allowed interest upon the accounting.   A partner may loan money to the firm of which he is a member, and when he does his right to interest is to be determined in the same way as that of any other creditor.   In such cases the general rule is to allow interest upon the advances, although

there was no express agreement by the firm to pay it, in the absence of some agreement to the contrary, express or implied. The right to interest, or an agreement to pay or allow it, is to be implied in such cases without any express promise, as in like transactions between parties holding no partnership relations to each other. (*Reid* v. *Van Rensselaer Glass Factory,* 3 Cowen, 399, 436, 437; affd., 5 Cowen, 587; *Liotard* v. *Graves,* 3 Caines, 243; *Gillet* v. *Van Rensselaer,* 15 N. Y. 397; *Foley* v. *Foley,* 15 App. Div. 276; *Chester* v. *Jumel,* 125 N. Y. 237; *Lloyd* v. *Carrier,* 2 Lans. 364; *Beach* v. *Colles,* 85 N. Y. 515; *Colender* v. *Phelan,* 79 N. Y. 366; *Morris* v. *Allen,* 14 N. J. Eq. 44; *Baker* v. *Mayo,* 129 Mass. 517; *In re German Mining Co.,* 4 DeG., M. & G. 19, 35; 1 Lindley on Part. 390; *In re Norwich Yarn Co.,* 22 Beav. 143, 168; *Troup's Case,* 29 Beav. 353; *In re Beulah Park Estate,* L. R. [15 Eq.] 43; *Hodges* v. *Parker,* 17 Vt. 242; *Ligare* v. *Peacock,* 109 Ill. 94; *Matthews* v. *Adams,* 84 Md. 143; *Woerz* v. *Schumacher,* 161 N. Y. 530.)

When the money has been paid in as capital, or where there is an express agreement between the parties that interest is not to be allowed or charged, this rule, of course, has no application. So the plaintiff's right to the item of interest must depend upon the fact that the money was a loan to the firm and not a contribution to capital, and we must resort to the findings of the referee for the fact. The only finding in the report that bears upon the question is in the following words: "The claim made by plaintiff for interest on his advances of money to and for the use of the firm is disallowed, for the reason that, as a matter of fact, there was no agreement, either express or implied, that such interest should be paid or allowed, and, under the circumstances of the case, the right to interest does not exist as matter of law in the absence of such an agreement." It is not quite clear whether this language was used by the learned referee to express the idea of a loan or a contribution to capital although the words "advances of money to and for the use of the firm" are more appropriate to describe a loan than a payment of capital. (*Snyder* v.

*Lindsey,* 157 N. Y. 616.)   While the language is open to construction, it would be quite unreasonable to hold that it imports a finding that the money advanced was capital and not a loan to the firm.   It is claimed by the learned counsel for the defendant that the decision upon the appeal below conclusively establishes the fact, so far as this court is concerned, that the money advanced was capital and not a loan. The court upon appeal could not settle that fact unless it had been found by the trial court, and the referee did not, in terms at least, make any such finding.   The order of the learned court below is in the following words : " It is hereby ordered and adjudged that the judgment so appealed from be, and the same is, hereby reversed and a new trial granted, costs to abide the event, unless within twenty days defendant stipulates to reduce his recovery by deducting therefrom $897.52, in which event the judgment so reduced is affirmed, without costs, and in such case the court unanimously decided that the findings of fact as modified, as aforesaid, are supported by the evidence."   We do not perceive how this order can conclude the plaintiff in this court upon the question of interest since that question is one of law arising upon the facts found.   The inquiry now is what has the referee found ?   Has he found that the money advanced was capital, or has he found that it was a loan ?   On this vital question the order of the learned court below reflects no light.   But it is said that this court must in such a case as this presume that the referee found every fact necessary to support the judgment, although such fact is not expressly stated in the report.   That proposition is doubtless correct, providing the necessary finding was within the scope of the pleadings and the evidence.   (*Amherst College* v. *Ritch,* 151 N. Y. 282.)   But we are not required to presume that the referee found facts against the evidence or against the admissions of the pleadings, and in order to give construction to the language of the referee in the finding referred to, we may properly look into the pleadings in order to see what was the attitude of the parties at the. trial.   Not only is the answer silent with respect to any claim by the defendant that

the advances were capital, but under a fair construction the fact that they were loans seems to be admitted. The complaint distinctly alleged "that the plaintiff has, at various times, loaned to the said copartnership large sums of money, which have not yet been repaid." This allegation cannot fairly be limited to any particular advance or transaction, but is broad enough to include all advances made by the plaintiff to the firm during the existence of the partnership, and it is stated that these advances were *loans.* If the fact thus alleged has not been controverted, it must be taken as admitted. The answer of the defendant to this allegation is as follows: "The defendant denies the allegations of the seventh paragraph of the complaint, but admits that the plaintiff did loan to the said copartnership certain sums of money, all of which were repaid to him." It will be seen that this allegation of the answer contains a denial, an admission and an affirmative averment. It is a settled rule in the construction of pleadings that a material fact distinctly alleged in the complaint is not controverted by stating the same fact in the answer in some other way or by giving a version of the transaction inconsistent with the allegation in the complaint. The allegations of the complaint are controverted or put in issue only by a general or specific denial. A material fact alleged is not controverted or put in issue by a statement inconsistent with the facts, or from which a denial may be implied or inferred. (*Fleischman* v. *Stein,* 90 N. Y. 110; *Marston* v. *Swett,* 66 N. Y. 210; *Wood* v. *Whiting,* 21 Barb. 190; *West* v. *American Exchange Bank,* 44 Barb. 175.) The material fact alleged in the complaint in this case was that the plaintiff had made loans of money to the firm. This allegation was not met by either a general or specific denial, but by a statement in a single sentence, which, when properly interpreted, amounts to an affirmative plea of payment. The pleader first denies the allegations of the complaint, then admits them and alleges that the loans were paid.

The findings of the learned referee, when read with the pleadings, should, therefore, be construed as importing a loan

to the firm and not a contribution to capital. If the words "advances of money to and for the use of the firm" are in themselves ambiguous, they are made quite certain by the condition of the pleadings, and, hence, it is reasonable to conclude that the referee did not find that the money advanced was capital, but did find that it was a loan to the firm. The real character of the various transactions having thus been established, as matter of fact, by the findings, nothing remains but to apply the law to the fact found. We think that the refusal of the referee to allow interest to the plaintiff on the sums loaned by him to the firm was error, and the judgment must, therefore, be reversed and a new trial granted, costs to abide the final award of costs in the action.

PARKER, Ch. J., HAIGHT and WERNER, JJ., concur; GRAY and LANDON, JJ., dissent; CULLEN, J., not sitting.

Judgment reversed, etc.