(70 App. Div. 301.)

GRANT v. SMITH.

(Supreme Court, Appellate Division, Third Department. March 5, 1902.)

PARTNERS—ADVANCEMENTS—INTEREST.

Where the amount furnished by each partner is fixed and certain, and the share of each in the partnership profits is a fixed proportion thereof, advances by one of the partners in excess of his prescribed proportion, though credited to the special account of such partner, and called "capital" of the firm, are in fact, as between the partners, loans and advancements, and draw interest.

Appeal from judgment on report of referee.

Action for an accounting by Israel P. Grant against Alice P. Smith, as executrix of Lewis M. Smith, deceased. From the judgment entered on the report of a referee, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and FURSMAN, JJ.

A. C. & J. P. Eustace, for appellant.

Reynolds, Stanchfield & Collin (H. H. Rockwell, of counsel), for respondent.

CHASE, J. This is an action for an accounting. The plaintiff and defendant's intestate were partners. Their respective interests in the

partnership, and the amount that each was to contribute to the capital of the firm, were fixed and certain. The only question arising on this appeal relates to the allowance to the plaintiff of interest on the amounts advanced, paid out, and expended by him for the benefit of the partnership in excess of the amount required by the partnership agreement. The rule in regard to the allowance of interest on an accounting between partners has been recently stated by the court of appeals in the case of Rodgers v. Clement, 162 N. Y. 422, 56 N. E. 901, 76 Am. St. Rep. 342. In that case the court say:

"If the moneys advanced by the plaintiff to the firm were contributions of capital, or additions to plaintiff's capital, then he was not entitled to interest on the same, since he must rely upon the profits of the business to compensate him for the investment, unless there was a special agreement between the partners that interest should be allowed. But on the other hand, if the moneys so paid or advanced by the plaintiff for the use of the firm were in fact loans, and the plaintiff, as to such advances, was a creditor of the firm. he stands upon the same footing as any other creditor with respect to the right to be allowed interest upon the accounting. A partner may loan money to the firm of which he is a member, and, when he does, his right to interest is to be determined in the same way as that of any other creditor. In such cases the general rule is to allow interest upon the advances, although there was no express agreement by the firm to pay it, in the absence of some agreement to the contrary, express or implied. The right to interest, or an agreement to pay or allow it, is to be implied in such cases without any express promise, as in like transactions between parties holding no partnership relations to each other."

Where the share of the several partners in a partnership venture depends upon the capital furnished by them, respectively, it is very clear that interest should not be allowed on moneys furnished to the partnership as capital, either under the original agreement or as additions thereto; but when the amount to be furnished by each partner is fixed and certain, and the share of the respective partners in the profits of the partnership venture is a fixed proportion thereof, advances by one of the partners in excess of his prescribed proportion, although credited to the special account of such partner, and called "capital" of the firm, are in fact, as between the partners, loans and advancements for the benefit of the partnership; and equity requires that interest should be allowed thereon. We see no reason for interfering with the findings of the referee herein, and such findings are sufficient to sustain the judgment.

Judgment should be affirmed, with costs. All concur.