G. W. Ice *et al.*, *Appellees*, v. John L. Kilworth, *Appellant.*

No. 16,823.

SYLLABUS BY THE COURT.

INTEREST—*Advances to a Partnership by a Member of the Firm.* Interest is not chargeable on advances made to a partnership by one of its members until a balance has been struck, unless there is an actual but not necessarily express understanding to that effect, or some special reason therefor founded upon equitable considerations.

Appeal from Douglas district court. Opinion filed April 8, 1911. Modified and affirmed.

*W. B. Brownell,* for the appellant.

*S. D. Bishop, A. C. Mitchell,* and *J. H. Mitchell,* for the appellees.

The opinion of the court was delivered by

MASON, J.: John L. Kilworth orally entered into a partnership agreement with G. W. Ice and J. N. Howell, by the terms of which they were to do the work upon a farm owned by him, he to furnish one-half of the stock and they the other, the profits and losses to be divided equally. The business was conducted in this manner for three years, and for an additional year under a similar arrangement between Kilworth and Ice, Howell having retired. Ice and Howell sued Kilworth for an accounting and settlement and obtained a judgment, from which he appeals.

A principal complaint is that the court erred in allowing the plaintiffs credit for certain labor, which they claim was done outside of the partnership contract, for the permanent improvement of the property, but which the defendant insists was covered by the agreement. We think the question was one of fact, to be decided in view of all the circumstances, and that the evidence was sufficient to support the decision made. Other matters submitted are of a similar character. In one respect, however, a question of law is presented. The defendant occasionally advanced money for the benefit of the partnership. All income from the business passed through his hands. In his account he charged interest upon balances computed by himself from time to time. There are cases holding in substance that the law implies an agreement to pay interest on advances made by a partner to the firm. (22 A. & E. Encycl. of L. 126.) But the general (and, as we think, the better) rule is that until a settlement has been had and a balance struck such interest is not chargeable, unless there is an actual but not necessarily express understanding to that effect, or some special reason therefor arising out of the equities of the matter. (22 A. & E. Encycl. of L. 125; 30 Cyc. 442; 9 L. R. A. 425, note; 45 Am. Dec. 518, note.) In the present in-

stance the evidence might justify, but does not compel, a finding that there was an agreement to pay interest, and there seems to be no reason for departing from the usual practice.

The plaintiffs concede that by an error in computation the amount found due was excessive by $167.55. The judgment will be modified to that extent, and otherwise affirmed.