PHELPS *v.* DAVIS.

Opinion delivered March 14, 1927.

1. PARTNERSHIP—LOAN BY PARTNER—INTEREST.—Where a partner, with consent of a copartner, made a loan to the firm, having before loaned the firm money and collected interest thereon, an agreement of the partnership to pay the legal rate of interest would be implied, though no express agreement regarding interest was entered into.

2. PARTNERSHIP—LIABILITY ON LOAN BY PARTNER.—A partnership may be liable for interest to a partner who makes advances to or for the account of the firm where there is a special contract to that effect or where, from the facts and circumstances surrounding the case, it may reasonably be implied that the firm was to pay interest for the advances.

Appeal from White Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Brundidge & Neelly,* for appellant.

*John E. Miller* and *Cul L. Pearce,* for appellee.

McHANEY, J. Appellants and appellee were partners, engaged in the mercantile business in the town of El Paso, White County, Arkansas, up until the 12th day of February, 1923, when the stock of merchandise on hand was divided and the partnership mutually dissolved. The partnership originally was composed of J. A. Phelps, Sr., and appellee, W. P. Davis, and continued in this way until the death of J. A. Phelps, Sr., in 1908, when J. A. Phelps, Jr., and two of the other heirs of the senior Phelps took charge of their father's interest and continued the partnership with Davis until its dissolution, as aforesaid, with the appellee owning one-half interest and the appellants owning the other one-half interest. They could not divide the notes.

accounts, land and other assets that had been accumulated by the partnership, and this suit was brought by the appellee for the purpose of partitioning same. After the partition suit had been filed, the appellee amended his complaint, alleging that the partnership was indebted to him on four promissory notes executed by the partnership to him for money that he had loaned the firm in the operation of its business. It is not disputed that the partnership owes the appellee the amount of these notes. The chancellor entered a decree ordering the assets of the partnership sold, appointed a commissioner to make the sale, and directed him to pay out of the proceeds of the sale to the appellee the sum of $2,857.51, which included the principal amount of said notes, with interest from their date until the date of the decree at six per cent. per annum, together with interest thereon from the date of the decree until paid at the same rate. From the decree allowing interest on said notes comes this appeal.

As stated by appellants in their brief: ''The only question to be determined in this case is whether or not the appellee is entitled to charge interest upon advances made to the firm by himself.'' Appellants contend that these advances made by appellee, as represented by said notes, were to the capital fund or account of the firm, and that therefore, in the absence of an express agreement by the partnership to pay interest on same, the firm is not liable for interest, and that the appellee would have to look to the profits of the partnership business to get a return on his investment, rather than to interest for the use of his money.

Appellee admits that a partner is not entitled to interest on capital which he contributes to the firm, although his contributions to the capital may be greatly in excess of that of his copartners, unless his copartners have agreed that he may have interest on such excess advancements. But they say that the advances made by appellee in this case were not to the capital account of the firm, but were loans to the partnership, represented

by the notes of the partnership, upon which interest may be collected.

We are of the opinion that appellee is correct in this contention. Appellant, J. A. Phelps, and appellee both testified that the money loaned to the firm by appellee was used by the firm to pay its debts, and that they discussed the proposition of borrowing money from the bank, and that they were unable to obtain money from the banks, and that appellee loaned money to the firm for this purpose.

It is shown by the testimony that appellee had loaned the firm money on previous occasions and had collected interest therefor, and, while it does not appear that there was any express agreement between them that interest was to be paid on these particular loans, and no particular rate of interest was agreed upon, we think there was an implied agreement on the part of the firm to pay the legal rate of interest, from the fact that the loan was actually made with the knowledge and consent of the appellant, J. A. Phelps, Jr.

The correct rule on this subject was laid down in the case of *Rodgers* v. *Clement*, 162 N. Y. 422, 56 N. E. 901, 75 A. S. R. 342, as follows: "The appeal presents but a single question, and that is the right of the plaintiff to be credited with an item of $5,997.66, which represents the interest upon certain moneys advanced by him for the use of the firm while it was engaged in the execution of a contract for the construction of a railroad. The referee refused to allow this item, and was sustained in this ruling by the court below on appeal. The counsel seem to be in substantial accord with respect to the principles of law applicable to such a question. If the moneys advanced by the plaintiff to the firm were contributions of capital or additions to plaintiff's capital, then he was not entitled to interest on the same, since he must rely upon the profits of the business to compensate him for the investment, unless there was a special agreement between the partners that interest should be allowed. (Citing cases).

"But, on the other hand, if the moneys so paid or advanced by the plaintiff for the use of the firm were in fact loans, and the plaintiff, as to such advances, was a creditor of the firm, he stands upon the same footing as any other creditor with respect to the right to be allowed interest upon the accounting. A partner may loan money to the firm of which he is a member, and, when he does, his right to interest is to be determined in the same way as that of any other creditor. In such cases the general rule is to allow interest upon the advances, although there was no express agreement by the firm to pay it, in the absence of some agreement to the contrary, express or implied. The right to interest or an agreement to pay or allow it is to be implied in such cases without any express promise, as in like transactions between parties holding no partnership relations to each other;" (citing a long list of cases).

As was said by the authors of L. R. A. in a case-note to *Kilworth* v. *Ice*, 84 Kan. 458, 114 P. 857, and reported in 35 L. R. A. (N. S.) p. 223: "The apparent conflict between the decisions as to the allowance of interest to a partner on his advances is due to a failure on the part of some of the courts to state whether they refer to advances of money to be employed as capital, or to advances by way of loan. In the one case, as the partner is considered as looking to the profits for compensation, there is no basis upon which an agreement on part of the firm to pay interest may be implied; while, on the other hand, if it is shown that the advance was not intended as other than a loan, such an agreement may be implied from mercantile usage. There is a clear distinction between advances made by way of loans beyond the capital, and additional capital. The intention may be shown to give interest on the footing of debtor and creditor, where otherwise there would be no charge between partner and partner. *Buckingham* v. *Ludlum*, 29 N. J. Eq. 345."

We therefore adopt the rule that a partnership may be liable for interest to a partner who makes advances to or for the account of the firm, where there is a special

contract to that effect, or where, from the facts and circumstances surrounding the case, it may reasonably be implied that the firm was to pay interest for the advances.

The decree of the chancery court allowing six per cent. interest in this case was right, and it is therefore affirmed.