SARIOL v. JAMES P. McDONALD CO.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. PRINCIPAL AND AGENT—AUTHORITY—NECESSITY FOR WRITING.

Authority in an agent to bind his principal by an account stated is not required to be in writing.

2. SAME—EVIDENCE—ADMISSIBILITY.

On an issue whether an agent had authority to bind his principal by an account stated respecting work performed and money due for the construction of a railroad which the principal was building, witnesses, who knew from seeing what he did, could state the capacity in which the agent acted and what he was doing in the principal's behalf, and especially could the capacity in which the agent acted and the authority that had been given him be shown by the principal's vice president, who was actively engaged in the building of the railroad.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, §§ 402–408.]

3. SAME—POWERS OF AGENT—ACCOUNT STATED.

Authority in an agent to bind his principal by an account stated respecting work performed and money due for construction of a railroad which the principal was building cannot be proved by one act alone of the agent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and Agent, §§ 409, 415.]

4. ACCOUNT STATED—VALIDITY.

An account stated need not necessarily be made by the parties personally, but may be made in behalf of either by an agent.

Appeal from Trial Term, New York County.

Action by Arthur Sariol against the James P. McDonald Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Perry Allen, for appellant.
Rounds & Schurman, for respondent.

HOUGHTON, J. The defendant corporation had a contract for the building of a railroad in Ecuador. The plaintiff's assignor performed certain construction work and presented his accounts to one Wheeler, who, it is claimed, was defendant's general manager in charge of the work. Wheeler marked the accounts correct, and, they having been assigned to plaintiff, he brought action against defendant as upon an account stated.

By various questions put to witnesses in the course of the trial, some of which were proper and many of which were not, plaintiff sought to prove the character of the duties of Wheeler and in what manner he was acting in the work of constructing the railroad. The purpose of the evidence offered was to show that Wheeler was in entire charge of the construction department, and that the work performed by plaintiff's assignor was done under his direction and accepted by him, and that his duties were to direct, and that he had power to accept, and hence. that Wheeler had implied or actual authority to adjust and state the account.

It was not necessary that Wheeler's authority as general manager should be in writing. As one step toward proving that Wheeler had such authority as authorized him to bind the defendant by an account stated, the plaintiff had the right to prove, by witnesses who knew from seeing what he did over various periods of time, the capacity in which Wheeler acted, and what he was doing and was permitted to do in behalf of the defendant corporation. Especially did plaintiff have the right to prove by the vice president of the defendant, who was actively engaged in the building of the railroad in question and thus familiar with the defendant's business, the capacity in which Wheeler acted, and, if he had personal knowledge of the fact, as it would seem he did, what authority had been given to him by the defendant corporation.

The plaintiff could not prove authority by one question only, or by proving one lone act of Wheeler. He should, however, have been permitted to prove such facts as he could, showing in what manner Wheeler acted, and what actual or apparent authority he had, and it would then have become a question as to whether or not authority had been proven in him to make an account stated on behalf of defendant. An account stated being simply an agreement between parties who have had previous monetary transactions that all the items of the accounts representing such transactions are true, such agreement need not necessarily be made by the parties personally, but may be made in behalf of either party by an agent having authority. Wiley v. Brigham, 16 Hun, 106; Lloyd v. Carrier, 2 Lans. 364; 1 Am. & Eng. Ency. (1st Ed.) 437.

The defendant may have clothed Wheeler with such authority as to bind it by a statement of account respecting work performed and money due for construction of the railroad which it was building. In any event, plaintiff should have been permitted to prove such authority as he was able, whether any one fact sought to be established in itself showed complete authority or not.

Whether the action is prematurely brought, as is alleged by the defendant, is not now before us; for the facts in that respect were not developed upon the trial. Nor is the question presented whether sufficient authority was shown in Wheeler to make an account stated binding upon defendant, because plaintiff was not permitted to develop his facts in that respect.

The judgment and order must be reversed, with costs to appellant to abide the event, and a new trial granted. All concur.