GEORGE POLLEY, Respondent, v. WILLIAM R. DANIELS, as Executor, etc., of HOLLEN W. RICH, Deceased, Appellant.

Third Department, May 5, 1933.

*William R. Daniels* [*John W. Ryan* of counsel], for the appellant.

*Julien Scott*, for the respondent.

BLISS, J. This is an appeal from an order denying defendant's motion for judgment on the pleadings " on the ground that the complaint in this action does not state facts sufficient to constitute a cause of action."

The complaint alleges the following facts:

On or about the 22d day of March, 1926, the plaintiff was the owner and entitled to the immediate possession of certain milk and creamery plant equipment which was then installed in the milk plant and factory at Watt Flats, Chautauqua county, owned by a domestic corporation, the New York Milk Products Company, and on this date the plaintiff notified this corporation and its president, Hollen W. Rich, of his purpose and intention to remove said equipment from said plant, and demanded possession thereof.

Hollen W. Rich and the New York Milk Products Company then represented and stated to plaintiff that they were negotiating with the Maltop Company, Inc., for a sale of said plant and equipment; that it was essential to the success of said negotiations that the equipment remain in the plant; that if the plaintiff would leave the equipment in the plant, the Maltop Company, Inc., would take a lease of both plant and equipment containing an option for the purchase of the same and that if the sale was completed Rich and the New York Milk Products Company would pay the plaintiff the sum of $17,500 for his interest in said equipment. The plaintiff, relying upon this agreement, allowed the personal property to remain in the plant and Hollen W. Rich and the New York Milk Products Company to have the use and benefits thereon for the aforesaid purposes. The lease of the plant and equipment by Hollen W. Rich and the New York Milk Products Company to the Maltop Company, Inc., containing the option to purchase was executed and thereafter the Maltop Company, Inc., used the plaintiff's equipment under these conditions, paying a rental therefor to Hollen W. Rich and the New York Milk Products Company. On April 15, 1929, the plaintiff demanded the return of this equipment from the said Hollen W. Rich and the New York Milk Products Company but they neglected and refused to return the same or to allow the plaintiff to remove the same from the milk plant and Hollen W. Rich and the New York Milk Products Company and their lessees continued to use the equipment owned by the plaintiff until some time during the summer of 1930 when the plant and equipment were destroyed by fire. The complaint then alleges that at the time of the fire Hollen W. Rich and the New York Milk Products Company had the personal property owned by plaintiff insured against loss by fire and collected and received an amount of insurance moneys on account of the destruction of plaintiff's personal property, " which amount so received was more than the sum of $17,500 over and above any other insurable interests in the proceeds of said insurance." After the fire Hollen W. Rich died testate and letters testamentary on his estate were issued to the defendant executor. Hollen W. Rich and the defendant executor purchased and now hold the remainder of the capital stock of the New York Milk Products Company and the executor has possession of all of the assets of the corporation. The plaintiff has not received any part of the sum of $17,500 although he has duly demanded it.

Does this complaint state a cause of action? As to the actual point upon which this decision must turn there seems to be a paucity of authority in this jurisdiction. In so far as the somewhat indefinite

allegations of the complaint will permit of analysis, it appears that the relation between the plaintiff and defendant's testator, existing after their agreement of March 22, 1926, constituted a mutual benefit bailment. Certainly Rich was either a bailee in possession of the personal property owned by the plaintiff or he was the agent of the plaintiff in possession of plaintiff's personal property under authority to lease and sell the same, depending, of course, upon all of the terms and conditions of the agreement, as developed upon the trial. For the purposes of this decision it is immaterial whether the relation of bailor and bailee or principal and agent existed. In either capacity Rich had an insurable interest in this personal property. (*Sturm* v. *Atlantic Mutual Insurance Co.*, 63 N. Y. 77; *Kline* v. *Queen Insurance Co.*, 7 Hun, 267.) His liability was that of reasonable care, and while this placed him under no obligation to insure it, nevertheless he did see fit to do so and, according to the complaint, has collected on account of said insurance the sum of $17,500 over and above any insurable interest which he had in the property.

The question, therefore, arises whether this agent or bailee should be allowed to profit by the transaction at the expense of his principal or bailor. As an agent he owed single-eyed service to his principal, must serve him with utmost good faith and loyalty and should not be allowed to profit at his principal's expense. (*Elco Shoe Manufacturers* v. *Sisk*, 260 N. Y. 100.) His act of taking out the insurance inured to the benefit of his principal. As a bailee he owed the duty to the bailor of reasonable care in preserving the property and that of either delivering it back to the bailor or to the ultimate purchaser, if the option of purchase contained in the lease were exercised, after having so preserved it. Under this relationship he should not be allowed to profit by the transaction at the expense of the bailor. Any surplus insurance moneys received by him over and above his own loss, in his hands constitute moneys held by him in trust for the owner of the property and the owner is entitled to recover for the same.

The complaint states a cause of action and the defendant's motion was properly denied.

The order appealed from should be affirmed, with costs.

HILL, P. J., RHODES, CRAPSER and HEFFERNAN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.