WINOBA CORPORATION, Plaintiff, v. FLORAL PARK LAWNS, INC., Respondent, and FLUSHING SAND AND STONE CO., INC., Appellant.— Judgment in favor of defendant-respondent upon counterclaims pleaded in its cross complaint, and dismissing upon the merits cross counterclaim by defendant-appellant, unanimously affirmed, with costs. No opinion. Present — Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ.

## (June 24, 1946.)

ALBANS HOLDING CORPORATION et al., Appellants, v. SOLOMON BLUM et al., Respondents.— Action to have two deeds executed by Albans Holding Corporation to Benjamin Kliegman declared to be mortgages and to set aside a conveyance of defendant Kliegman to defendant Nathan, and for varied and incidental relief. Insofar as the judgment dismisses the complaint on the merits as to defendants Blum, Jolles and Nathan, it is unanimously affirmed, with costs to said defendants. Insofar as the judgment dismisses the complaint on the merits as to defendant Benjamin Kliegman, it is reversed on the law and facts, with one bill of costs to appellants, and judgment is directed against him for the amount of the brokerage commissions obtained by Israel Kliegman, with one bill of costs. In the event the parties cannot agree as to the sum involved, the matter is remitted to Special Term for the taking of proof and the entry of a judgment conforming to this decision. The deeds to Benjamin Kliegman may not be held to be mortgages. (*Wilson* v. *Parshall,* 129 N. Y. 223; *Ensign* v. *Ensign,* 120 N. Y. 655, 656; *Dryer* v. *Hopper,* 162 App. Div. 590; *515–2nd St. Corp.* v. *Bisnoff,* 250 App. Div. 642.) Defendant Nathan was a purchaser for value, without notice of any claims of plaintiffs founded on agreements between them and the other defendants. The finding of the trial court that the sale of December 11, 1944, was authorized, and was for a fair price has adequate support in the evidence. The proof, however, requires a holding that Israel Kliegman was the alter ego of defendant Benjamin Kliegman, and that the latter is responsible in law for any disloyalty or dereliction of duty on the part of Israel. (*Gardner* v. *Ogden,* 22 N. Y. 327; *Helfhat* v. *Whitehouse,* 258 N. Y. 274.) It appears that Israel, without disclosure to the principal of his brother Benjamin, or to Benjamin, participated in the brokerage on the sale made on December 11, 1944, through the broker Gluck. These moneys must be accounted for by defendant Benjamin Kliegman to the Albans Holding Corporation. Settle order on notice within five days after the date of this decision. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.