John D. Bennett, S.
Schedule A of the account in this proceeding contains an asset listed as “ The Daz Corp.”. Following this is an itemization of the real and personal property held in the name of this corporation.
Schedule D-3 of the account lists William Halper as a claimant of the Daz Corporation stock.
The proof of claim of Mr. Halper, verified February 10, 1961, reads as follows :
“ 1. That the decedent, prior to the time of his death, did agree to transfer or cause to be transferred an interest equal to one-half in Daz Corp., owner of a parcel of real property located on the south side of Kings Street, 46.36 feet east of Allen Place, Chappaqua, Westchester County, N. Y.
“ 2. That claimant claims a one-third interest in Daz Corp., the owner of the title to said premises.
*543 “ 3. Upon information and belief, that the decedent had failed and omitted to take appropriate steps to increase the interest of claimant to 50% in Daz Corp., the owner of the title to said premises.
‘ ‘ 4. That for many years, claimant rendered services to and on behalf of the decedent in consideration of the decedent’s agreement to provide for the interest of claimant to 50% of the property aforesaid.
“ 5. That the fair and reasonable value of the services of the claimant for and on behalf of the decedent rendered prior to his death, was upwards of $5,000.00, no part of which has been paid.
“ 6. That said claim is justly due and owing to the claimant in addition to the one-third interest in Daz Corp.”
The claim of Mr. Halper has been rejected by the administrator and objections have been filed by Mr. Halper to such rejection, incorporating his proof of claim as an exhibit.
The claimant, in his answer to the demand for a bill of particulars, asserts that the agreement referred to in his proof of claim to the effect that the decedent agreed to transfer a one-half interest in Daz Corporation to him is based upon oral statements of the decedent made about December, 1945, and thereafter and is further based upon an undated sheet of the decedent’s business stationery bearing his letterhead and being blank except for the decedent’s signature near the bottom.
In answer to demands 7, 9, 11 and 13, the claimant states in his bill of particulars: ‘ ‘ 7-11 Claimant will claim that decedent in consideration of services rendered on decedent’s behalf, promised and agreed to increase claimant’s stock interest to one-half of Daz Corp. Claimant claims ownership of one-third of the stock of Daz Corp. at all times.” (Italics supplied.)
The services allegedly performed by the claimant on the decedent’s behalf are enumerated in items 15, 16 and 17 of the bill of particulars, a portion of which reads as follows: ‘ Claimant and decedent were close friends and business associates over a period of about 30 years, and claimant assisted and advised decedent in the handling of various business matters, claims, details, transactions and suits (there follows an itemization of specific transactions); and in addition on numerous occasions assisted, counseled and advised the decedent on various matters of business which decedent requested on frequent occasions ”.
While the decedent was a druggist by profession, his business interests did not cease there. On March 10, 1925, the decedent purchased premises known as 4452-56 Broadway, New York City, taking title in bis own name. The claimant has admitted *544 that the decedent was the owner of such premises, either individually or through various wholly owned corporations from 1929 until 1942 when the Daz Corporation was formed.
The pertinent chain of title to such premises begins with their purchase individually by the decedent in 1925, a transfer to the Virex Corporation on December 5, 1925; a transfer from Virex Corporation to Jit Corporation on June 14, 1938; and on January 8, 1942, Jit Corporation conveyed the premises to Daz Corporation.
Mr. Halper was an incorporator of both Jit and Daz but conceded that he was never a stockholder of Jit Corporation.
Daz was incorporated on January 5,1942. The incorporators were Charles A. Susslin, William Rose and the claimant. Mr. Halper states that he arranged for the actual physical details of the incorporation and procured Mr. Susslin and Mr. Rose to sign as “ dummies ”.
The foundation of Mr. Halper’s claim rests upon the certificate of incorporation of Daz and the statement therein that he is a subscriber of the certificate and agreed to take one share of stock, although it appears that no stock certificates have ever been issued by the corporation to anyone. Mr. Halper states that he has no recollection of ever having assigned his interest in this corporation.
The attorney in fact for the distributees cites United States Radiator Co. v. State of New York (208 N. Y. 144, and related cases) for the proposition that shares of stock are created by a contract between the shareholder and the corporation whereby the former pays or obligates himself to pay for the shares of stock of the corporation and the latter accepts such payment.
While the court agrees with the attorney in fact in his application of this proposition, and also agrees that section 69 of the Stock Corporation Law which prohibits the issuance of stock except for money, labor done, or property actually received by the corporation, does not appear to have been complied with, there is here a more fundamental principle which must be considered.
The claimant himself characterized his relationship with the decedent as essentially one of principal and agent, approaching even that of attorney and client. He “ assisted ”, “ advised ”, and “ counseled ” the decedent. A witness, Louis D. Truchill, stated that the claimant originally did the “legal work ” for the decedent.
An agent acts in a fiduciary capacity with respect to matters entrusted to him by the principal (Elco Shoe Mfrs. v. Sisk, 260 N. Y. 100; Polley v. Daniels, 238 App. Div. 181). The claimant *545 in his role as agent caused the Daz Corporation to be organized. The only asset transferred to the corporation at the time of its organization was the Broadway property originally held in the decedent’s individual name. Claimant made no contribution of his own to the capital and yet contends that he was from the very date of the incorporation a one-third owner by reason of his designation as a subscriber. Certainly his claim is one of self-interest and is adverse to his former principal without the slightest proof that the decedent was informed or knew at any time of such adverse position. It is well settled that an agent cannot, without full disclosure, assume a position that is antagonistic or adverse to the interests of his principal (Keller v. American Chain Co., 255 N. Y. 94; Otsego Aviation Serv. v. Glens Falls Ins. Co., 277 App. Div. 612).
The general atmosphere which the claimant attempted to generate at the hearing and in his memoranda was that the decedent himself was not shown to have a proprietary interest in this corporation merely by its being listed as an asset in the account, while at the same time he maintains that his initial one-third interest was increased to 50% by the decedent, whose ownership he disparages. The maneuver is apparently an attempt to strengthen the semblance of a claim by concentrating on the alleged deficiencies in the decedent’s title to the corporation.
Similarly Mr. Halper’s claim that the decedent agreed to “ increase ” his alleged interest in the corporation from one third to one half must fail, primarily because the court has not found that there ever was any interest of the claimant initially in Daz to increase to one half.
Notwithstanding this conclusion, the evidence submitted to substantiate this alleged increase is in and of itself much less than the clear and convincing proof that is required in claims of a similar nature (Frankenberger v. Schneller, 258 N. Y. 270; Ennis v. Chichester, 187 App. Div. 53, affd. 227 N. Y. 663; Matter of Block, 258 App. Div. 342; Matter of Kane, N. Y. L. J., Dec. 7, 1962, p. 20, col. 6).
The increase in claimant’s interest in Daz is alleged to have occurred on or about December 21,1945, at which time Daz took title to certain premises located at Chappaqua, New York. The claimant attended the closing on behalf of the decedent or the corporation, and claims to have advanced $1,000 of the purchase price in cash and $80.25 by check. It is alleged that at about this period the decedent gave the claimant the sheet of paper containing the decedent’s signature, upon which sheet of paper and above the decedent’s signature the claimant was authorized to insert the agreement covering his interest in Daz.
*546 While the closing statement for the Chappaqna property from the seller’s attorneys to Mr. Halper lists him as “ atty for purchaser ” and as having contributed a check of $80.25 toward the purchase price, the claimant in his closing statement to the decedent incorporating the figures in the statement received by him reveals the true nature of the transaction as “ your (decedent’s) purchase ’ ’. Once again we have the complete absence of any disclosure or knowledge on the part of the principal of an inherently adverse position by his agent in the substance of the transaction with which he was entrusted. The sheet of paper, blank except for the printing thereon and the decedent’s signature, must be dismissed as of no weight and completely meaningless. The more reasonable inference to be drawn is that it came into claimant’s hands to be used by him in the normal routine functions entrusted to him and nothing more.
The claim for reimbursement on a quantum meruit basis for services rendered to decedent was dismissed at the hearing as having been outlawed by the Statute of Limitations.
On all the facts adduced at the hearings, the claim of William Halper is disallowed in its entirety.