Patrick I. Picariello, J.
Action to recover balance due on two promissory notes indorsed by the defendant and subsequently negotiated by the payee to the plaintiff.
Defendant indorser interposes, inter alia, the defenses of payment, accord and satisfaction and violation of the General Corporation Law and the Banking Law of the State of New York. The last defense was withdrawn during the course of the trial.
Plaintiff is a holder in due course, having acquired the subject notes prior to maturity and for a valuable consideration.
During the course of the trial testimony was admitted over plaintiff’s objection, on which the court reserved its decision, to indicate that the notes were delivered to the payee thereof subject to an agreement between the maker and the said payee which provided for the method and manner of payment of maker’s many obligations, including the debt evidenced by the two subject notes, it having been defendant’s contention that plaintiff was bound by the terms thereof.
Realizing that plaintiff, as a holder in due course, cannot be bound by any such agreement, defendant in his memorandum to the court now seeks to substantiate his defenses by urging that the payee of the notes, in collecting the maker’s accounts receivable and applying the same to maker’s indebtednesses, after *270 maturity, including installment payments to plaintiff on account of the debt evidenced by the subject notes, became plaintiff’s agent. He seeks to buttress his defense of payment by showing that the payee had collected an amount on the maker’s accounts receivable far in excess of that owed the plaintiff and consequently cannot be held to account for any unpaid balance due thereon. This argument is advanced despite the convincing evidence showing application by the payee of all collections to the payment of maker’s various other indebtednesses, as well as on account of the subject notes.
Defendant’s dissertation in, his memorandum on the legal principles applicable to a principal and agency relationship is indeed appreciated by the court and found quite accurate. His legal conclusion drawn therefrom that his defenses have thereby been sustained and that he would thus have no liability to plaintiff is also correct. The fallacy of the entire argument, however, is that it presupposes and hypothesizes a relationship of principal and agent between the plaintiff and the payee of the subject notes. The court finds no such relationship in this case.
The established general rule for determining existence of a principal-agent relationship is that when the facts relied upon to establish its existence are undisputed, as they are in this case, and no conflicting inferences may be drawn from such facts, the question of the existence of the agency is one of law for the court. Ordinarily, an agency relationship is created and authority is actually conferred very much as a contract is made, to the extent that the creation results from the agreement between the principal and the agent that such a relation shall exist. The intention of the parties must find expression in either words or conduct between them. The court finds neither in the ascertained state of facts in this case.
Nor can this relationship be implied by either words or conduct of the parties; indeed, maker’s agreement with the payee entered into at the time of the delivery of the subject notes, to which the defendant was a signatory as maker’s officer, and of which he is thus charged with actual knowledge, is in contrariety to and utterly precludes such an implication.
It is also true that on occasions an agency by estoppel may be created. Such an agency may be apparent only and would exist in this case because of the estoppel of the plaintiff or the defendant to deny the same after the defendant had acted in reliance on such appearance. No testimony or evidence was presented which would tend to certify any conviction that the defendant had relied on same after maturity. Assuming, *271 arguendo, that the said relationship could have been sustained by testimony or otherwise, the same would enure solely to the benefit of the maker of the notes, and there is no doubt but that the defendant, in his position as accommodation indorser, may not avail himself of such a relationship as against the holder in due course in this case who has proved an unpaid balance due on the instruments to which defendant had lent his credit.
There can be little doubt of the existence of an agency relationship in litigation involving third parties between bailor and bailee (Polley v. Daniels, 238 App. Div. 181); between property owner and real estate broker engaged by the former (Albans Holding Corp. v. Blum, 270 App. Div. 1035); between fiduciaries and their principals (Matter of Williams, 37 Misc 2d 542; Matter of Krabbe, 1 Misc 2d 810); between the owner of merchandise and his salesman (Bennett v. Shamilzadeh, 121 N. Y. S. 2d 805; Hudson v. Yonlcers Fruit Co., 258 N. Y. 168). All of these eases were cited by defendant in his memorandum, but the decisions arrived at were based on a finding of fact or of law of the existence of a principal-agent relationship.
Absent the above premise, defendant’s conclusions drawn from its argument become lame and impotent.
Under the circumstances, the court finds that defendant has failed to prove his defenses. The same are hereby dismissed and judgment awarded to plaintiff.
The parties having waived formal findings, the above constitutes the decision of the court pursuant to the statute.
All undisposed of motions are determined in accordance herein.
Settle amended judgment showing computation of amount due and appropriate interest on three days’ notice.