Joseph Jaspan, J.
The defendant was indicted for the crimes of criminal possession of a controlled substance in the second degree (one dose of methadone), a class A-II felony, punishable by an indeterminate term of no less than six years to life, and for disorderly conduct, a violation. In the sequence of events, the claims are related.
The case was tried before me without a jury on February 5, 1975.
PACTS OP THE CASE
The defendant engaged in a public brawl with his common-law wife on 'September 20, 1974, .under circumstances which warranted his .arrest and conviction after trial for disorderly conduct. At the time and scene of the arrest, he was searched and a plastic bottle containing methadone liquid with a total volume of a little more than 1% fluid .ounces was found in his right-hand trouser pocket, which gave rise to the drug charge against him.
The People were permitted by stipulation to rely upon the Grand Jury testimony of the New York City Housing Authority police officer who made the arrest and search, and upon a police lab report .as to the contents of the bottle.
The defendant’s witnesses, his common-law wife, Deidre Fauntleroy, and a friend on the scene, one Celeste Coles, gave credible, uncontradicted testimony as to the circumstances under which defendant came into possession of the bottle of methadone.
The defendant’s “wife” testified that she was enrolled in the St. John’s Episcopal Methadone Program since October, 1972, holding methadone card 67-14956, and that on the evening in question, a Friday, she had gone to the center for her daily *538 dose and to .receive, as permitted, a bottle containing the dose to be self-administered on the following day, Saturday. That immediately after she left the center to return home, she got into a pushing and scratching fight with a Valerie Butler on the public street, with the result that the pocket of her garment was torn and the one-dose bottle of methadone fell into the “ gutter. ” The defendant then came along, and in an attempt to restrain his “ wife ”, engaged in a less than gentle fight with her. At his “wife’s” request, the defendant picked up the bottle of methadone which had fallen to the street and placed it in his trouser pocket, where it was within minutes and almost immediately thereafter found by the police officer who intervened.
The witness Coles testified to the facts concerning the fight, the loss of the ¡bottle of methadone, and its retrieval by the defendant from the .street.
The uncontradicted proof1 is that the bottle belonged to defendant’s “wife” and that defendant’s possession was at her request and for a brief period of time.
The question raised is whether the defendant, under this set of circumstances, is guilty of the class A-II felony with which he is charged.
APPLICABLE STATUTES
¡Section 220.18 of the Penal Law defines criminal possession of a controlled substance in the second degree as knowing and unlawful possession of “ 1. .one or more preparations, compounds, mixtures or substances of an .aggregate weight of one ounce or more containing a narcotic drug ”.
However, section 3805 of the Public Health Law carves out exceptions, one of which is relevant to this case and reads as follows:
“ 1. The provisions of this article restricting the possession and control of controlled substances shall not apply: * * *
“ (c) to temporary incidental possession by employees or agents of persons lawfully entitled to possession
The burden of proving the exception is upon the defense as set forth in section 3396 of the Public Health Law. “ 1. In any civil, criminal or administrative action or proceeding brought for the enforcement of any provision of this article, it shall not be necessary to negate or disprove any exception, excuse, proviso or exemption contained in this article, and the burden of proof of any such exception, excuse, proviso, or exemption shall be upon the person claiming its benefit. ”
*539 INCIDENTAL TEMPORARY POSSESSION
It has long been the rule in this State that possession ‘ ‘ which might result temporarily and incidentally from the performance of some lawful act ” does not constitute a crime (People v. Persce, 204 N. Y. 397, 402), unless the statute defining the claim clearly indicates a legislative intent to impose strict liability (People v. Arcidicono, 75 Misc 2d 294; Penal Law, § 15.10).
In People v. La Pella (272 N. Y. 81), the defendant found a weapon in a public room and put it into his pocket, intending to deliver it to the police after keeping an appointment with his wife at a nearby street corner. He surrendered the weapon to a detective 20 minutes after he found it. The court held (p. 83): “The ‘ possession ’ forbidden by statute ‘ should not be construed to mean a possession * * * which might result temporarily and incidentally from the performance of some lawful act * * * particularly when, as is here claimed, the act was designed to meet the social policy of the law. ”
This (rule of incidental and temporary possession was codified with respect to narcotic drugs by section 3305 of the Public Health Law.
The statute adds one phrase not always found in the case law which neither complicates nor inhibits the conclusion reached in this opinion. The .section provides that the incidental and temporary possession must be by an “ agent of a person lawfully entitled to possession.”
The defendant had lived .with his common-law wife Deidre Fauntleroy for at least five years and was the father of her recently-born child. He provided a home and support for her. He bore a moral, if not a legal responsibility for her well-being and continued .health free of some more insidious drug habit than methadone. No .binding contract of marriage nor formal agreement of any kind was required to constitute him the agent for his 1 ‘ wife ’ ’ when, at her request, he picked up, preserved, and put into his trousers her single dose of methadone. Agency may be established by conduct (Boro Assoc. v. Levy, 44 Misc 2d 269) or by oral agreement (Sariol v. McDonald Co., 127 App. Div. 648), as well as by written instrument.
The response to his “wife’s ” request was an act of agency consistent with the social policy of the law whch would recognize and approve the removal of the methadone from the public street into the temporary protective custody of the one person known to bear responsibility for the person lawfully entitled to its continuing possession and use,
*540 MENTAL CULPABILITY
-Section 220.18 of the Penal Law, in defining the crime -of criminal possession of a controlled -substance in the second degree includes the word ‘ ‘ knowingly, ’ ’ which by statute, sections 15.10 and 15.15 of the Penal Law, removes this crime of possession from the category -of strict liability crimes and requires as an element proof of menta-l culpability. Section 15.15 reads in part as follows: “ 2. Although no culpable mental state is .expressly designated in a statute defining an offense, a culpable mental state may nevertheless be required for the commission of such offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such culpable mental state. A statute defining a crime, unless clearly indicating -a legislative intent to impose strict liability, should be construed as defining a crime of mental -culpability.”
The defendant may not, therefore, be convicted in the absence of mens rea (People v. Flack, 125 N. Y. 324), or as is presently known, in the absence -of mental culpability.
Black’s Law Dictionary (4th ed.) defines mens rea as “ a guilty mind; a guilty or wrongful purpose; a criminal intent.”
“ In a prosecution for any crime the mens rea will be wanting unless the state of mind of the defendant at the time of the alleged offense was free from every factor which would be recognized as sufficient for exculpation in such a case.” (52 Harv. L. Rev. 905, 909.)
Knowledge of the underlying fact which renders one’s act criminal is generally essential to conviction (People v. Colozzo, 54 Misc 2d 687, affd. without opn. 32 A D 2d 927).
The People did not argue, and indeed the proof failed to demonstrate, that the defendant possessed -any criminal intent or mental culpability. The defendant acted out of good motive in behalf of his ‘1 wife ’ ’ and the Legislature could hardly have intended that such conduct warranted a jail sentence -of six years t.o life. Any. other conclusion would constitute an aberration in the law, and in view of the. provisions of article 15 of the Penal Law and section 3305 of the -Public Health Law, a miscarriage of justice.
CONCLUSION
The defendant is acquitted of the crime of criminal possession of a controlled substance in the second degree and convicted of disorderly conduct.