■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREEMAN STRONG, Appellant.— Judgment unanimously affirmed. Memorandum: We affirm defendant's misdemeanor conviction for criminal possession of a hypodermic instrument (Penal Law, § 220.45; Public Health Law, § 3395, subd. 3). Defendant's contention that his conviction was invalid because there was no expert proof that the hypodermic instrument was functional and hence every element of the crime charged against him had not been proved beyond a rea-

sonable doubt must be rejected. The Penal Law provides that " A person is guilty of criminally possessing a hypodermic instrument when he knowingly and unlawfully possesses * * * a hypodermic syringe or hypodermic needle" (Penal Law, § 220.45). Parallel to this provision of the Penal Law is a section of the Public Health Law which makes it unlawful for any person (with certain enumerated exceptions) to have under his control or possession a hypodermic instrument or implement " adapted for the administering of narcotic drugs " possessed for such purpose unless upon an authorized prescription (Public Health Law, § 3395, subd. 3). The Public Health Law further provides that in any complaint or indictment or in any proceeding brought for the enforcement of any provision of this article " it shall not be necessary to negate or disprove any exception, excuse, proviso or exemption contained in the article, and the burden of proof of any such exception, excuse, proviso, or exemption shall be upon the defendant" (Public Health Law, § 3393, subd. 1). Thus the defendant has the burden of establishing by a preponderance of the evidence (Penal Law, § 25.00, subd. 2) that his " possession " of the hypodermic syringe and hypodermic needle were for a lawful purpose. Such a burden is a reasonable one considering that the defendant is in a position to demonstrate that his possession was for such purpose or that he had an authorized prescription and it would be unreasonable to place the burden on the prosecution to disprove these circumstances. Here the defendant offered no proof with respect to his possession of the hypodermic instrument. With respect to whether the hypodermic syringe and needle are " adapted for the administering of narcotic drugs ", however, the burden is properly imposed upon the People to prove this fact beyond a reasonable doubt. Moreover, such is a question of fact to be determined by the jury. In this case the homemade hypodermic syringe and hypodermic needle were found in a band-aid box in the pocket of defendant's jacket hanging on the kitchen door of the defendant's sister in law's apartment. A proper foundation for the introduction into evidence of the hypodermic instrument was provided by the testimony of the detective who seized it at the scene. The question of the functionality of this instrument was properly charged as a question of fact for the jury and the jury was permitted and did avail itself of an opportunity to inspect the hypodermic instrument. In this connection we are persuaded that hypodermic instruments, whether commercially manufactured or homemade, are simple enough devices so that a lay jury may itself determine whether they are reasonably adapted for administering narcotic drugs into the body. They differ in this respect from firearms whose mechanisms and operation are more complex and may require ballistics or other scientific or laboratory tests to demonstrate their functionality. The jury verdict in this case finding defendant guilty of a violation of section 220.45 of the Penal Law necessarily determined that the hypodermic instrument was functional. The remaining contention that defendant's conviction was invalidly obtained because based upon improper circumstantial evidence is without merit. The facts establishing defendant's ownership of the jacket in which the hypodermic instrument was found excluded to a moral certainty every other reasonable hypothesis. The defendant wore the jacket, which fit him, to Police Headquarters and there was no other men's clothing within sight in the apartment. It would have been a simple and reasonable matter for the defendant, if the jacket were not his, to have said so at the time. Circumstantial evidence need only be strong enough so that common human experience would lead a reasonable person to accept the inference asserted for the established fact (*People* v. *Wachowicz*, 22 N Y 2d 369, 372; *People* v. *Hanford*, 40 A D 2d 529). We believe that the jury's

determination that the jacket was defendant's was a reasonable one which should not be disturbed. (Appeal from judgment of Monroe County Court convicting defendant of criminal possession of a hypodermic instrument [misdemeanor].) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.