Walter T. Gorman, J.
The People produced evidence at the defendant’s trial before a jury that he made three sales of diazepam (valium) and one sale of barbiturate to an undercover police officer. The defendant — the owner of two drug stores, although not himself a pharmacist — admitted selling the drugs. However, he claimed that he sold them in reliance upon an employee’s statement that the purchaser had previously turned over prescriptions authorizing refills to the Brooklyn store. He also produced alleged prescriptions for the drugs. In rebuttal, two witnesses testified that the prescriptions were forgeries and that blank prescription pads had been stolen from the offices of the two doctors whose names appeared thereon. The jury convicted the defendant of four counts of criminal sale of a controlled substance in the sixth degree.
The defendant requested a charge to the jury that a mistake of fact on his part leading him to believe that he possessed a *1020 prescription for the drugs sold constitutes a valid legal defense. The People asked for a jury instruction that under subdivision 1 of section 3396 of the Public Health Law the burden of proof respecting the existence of a prescription rests with the defendant. For the reasons ■ advanced below, both requests were denied.
Under section 220.31 of the Penal Law, "A person is guilty of criminal sale of a controlled substance in the sixth degree when he knowingly and unlawfully sells a controlled substance.” " 'Unlawfully’ means in violation of article thirty-three of the public health law” (Penal Law, § 220.00, subd 2). That article makes it "unlawful for any person to * * * sell * * * a controlled substance except as expressly allowed by this article” (Public Health Law, § 3304). The controlled substances involved herein may be dispensed by a licensed pharmacist "in good faith and in the course of his professional practice * * * upon delivery to such pharmacist of a written prescription” (Public Health Law, § 3336, subd 1). As an agent of the pharmacist, this right would extend to the defendant (Public Health Law, § 3305, subd 1, par [c]).
Defendant contends that even if the sales were unlawful, that is, not authorized by law, the jury could not convict if he, in good faith, believed he was acting within the law. The statute uses the language "knowingly and unlawfully sells.” Both "knowingly” and "unlawfully” modify "sells.” The two terms do not describe or affect each other. A sale of a controlled substance can be knowing and still be lawful or unlawful; or it can be unlawful and, yet, be either knowing or unknowing. While the People must show a specific intent that the defendant was aware of the nature of the substance sold, they need not demonstrate whether or not the defendant thought the sale was authorized by law. Here, by rewording the provision to read, for example, "knowingly sells unlawfully)” the Legislature would eliminate the strict liability imposed (see Penal Law, § 15.20, subd 1). In its present form, the statute dictates that a person acts at his peril when he sells controlled substances, and it is no defense that he mistakenly believes the sale is lawful (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 15.15, p 34). It should be noted that the mistake of fact alleged by the defendant concerns an erroneous assumption that he had a written prescription when he sold the drugs and not a mistake as to the validity of an actual written prescrip *1021 tion. In short, it is concluded that a logical construction of section 220.31 of the Penal Law places no culpability requirement in the element of "unlawfully sells.”
In People v Weiss (276 NY 384, 386), cited by defendant, the court considered a kidnapping statute, which provided that " 'A person who wilfully: 1. Seizes, confines, inveigles, or kidnaps another, with intent to cause him, without authority of law, to be confined or imprisoned * * * against his will * * * is guilty of kidnapping’ ” (former Penal Law, § 1250). The court concluded that willful intent to act without authority of law was an element of the crime. In so doing, it found error in the charge that a good faith mistake that the defendants acted with the authority of law was not a defense. If the narcotics statute in the case at bar read, in part, "knowingly sells a controlled substance, with intent to sell the substance, without authority of law, to another person,” then here, too, a different interpretation would ensue.
Similarly, other sections of the Penal Law proscribing "unlawful” conduct specifically impose a scienter requirement not found in the drug law (see, e.g., Penal Law, § 135.00, subd 1, definition of "restrain” ["with knowledge that the restriction is unlawful”]; § 140.05, trespass ["knowingly enters or remains unlawfully”]; § 145.30, unlawfully posting advertisements ["having no right to do so nor any reasonable ground to believe that he has such right”]; § 215.70, unlawful Grand Jury disclosure ["he intentionally discloses to another”]).
Although not the general rule, a standard of strict liability for elements of serious and petty offenses is not new to the law (see, e.g., Penal Law, §§ 15.10, 15.20, subd 3; People v Trapp, 20 NY2d 613; People v Omage, 18 NY2d 770; People v Werner, 174 NY 132; People v Kibler, 106 NY 321; People v Davin, 1 AD2d 811). In commenting upon the strict liability requirement of a statute prohibiting the sale of adulterated milk, the Court of Appeals noted, "Experience has taught the lesson that repressive measures which depend for their efficiency upon proof of the dealer’s knowledge and of his intent to deceive and defraud are of little use and rarely accomplish their purpose. Such an emergency may justify legislation which throws upon the seller the entire responsibility of the purity and soundness of what he sells and compels him to know and to be certain” (People v Kibler, supra, p 324). Here, too, the seller acts at his peril when he sells controlled substances. Considering the Legislature’s concern with the *1022 illegal dispensing of drugs, it is neither harsh nor cruel to require a drug store owner to actually have a prescription before selling drugs and not to allow him to claim that he thought he had a prescription.
The People claimed that the defendant has the burden of proving he had a prescription for the drugs he sold. They rely upon subdivision 1 of section 3396 of the Public Health Law, which states: "In any civil, criminal or administrative action or proceeding brought for the enforcement of any provision of this article, it shall not be necessary to negate or disprove any exception, excuse, proviso or exemption contained in this article, and the burden of proof of any such exception, excuse, proviso, or exemption shall be upon the person claiming its benefit.”
The clause "brought for the enforcement of any provision of this article” controls the statute’s reach. The instant prosecution was initiated for the enforcement of article 220 of the Penal Law. Since article 33 of the Public Health Law, likewise, contains criminal provisions, it is those laws which subdivision 1 of section 3396 addresses.
An overall view of section 3396 in its relationship to the balance of article 33 reinforces this court’s theory of legislative intent. When originally enacted, section 3396 constituted the last segment of that article. It is entitled "Violations; penalties” and logically applies to the preceding promulgated regulations. The section contains five subdivisions, all of which revolve about a violation of "any provision of this article.” Subdivision 2, in using that language, also speaks of "section twelve-b of article one of this chapter or in the penal law,” as if they are outside the scope of "this article.” This court concludes that the Legislature would have used language referring to the "enforcement of the Penal Law” or to "any proceeding 'involving’ any provision of this article,” rather than the words "brought for the enforcement of any provision of this article,” had it wanted subdivision 1 to cover this case.
The court notes that other tribunals which have interpreted the statute have not adopted this holding and have placed the burden of proof upon the defense (People v Strong, 47 AD2d 798; People v Stone, 80 Misc 2d 536; People v Gray, 68 Misc 2d 280; People v Saul, 12 Misc 2d 356). People v Stone (supra) cannot be reconciled with the case at bar. The other opinions can be distinguished from the instant matter. In Strong (supra) the prosecution charged possession of a hypodermic *1023 instrument in violation of both the Penal Law and the Public Health Law. As to the latter enactment, of course, section 3396 applied. The Gray case (supra) quoted the statute, but no testimony concerning a prescription was presented, so the underlying issue confronting the court was the burden of going forward. Finally, People v Saul (supra) addressed itself to whether a prima facie case had been established where the People’s sole witness testified that the defendant told him he had obtained a prescription to purchase the hypodermic instrument in Florida. The court held that such testimony imposed no duty of proof upon the People. In its decision, the court relied upon the former Penal Law, not section 3396 of the Public Health Law or its predecessor (§ 3393), which first became effective in 1966 (L 1965, ch 323).
In view of the foregoing, the requests to charge were denied.