REID, admx. of REID,
*against*
THE PRESIDENT, &c. of THE RENSSELAER GLASS FACTORY.

THIS cause having been referred pursuant to the statute (1 R. L. 516, s. 2,) the referees had reported generally for the plaintiff, upon which the attornies for the respective parties agreed upon a case containing the facts as they appeared in evidence before the referees, and thereupon submitted a question of law to this Court, in the form of a motion to set aside the report. This Court having decided the question and given judgment, the defendant's attorney, being desirous to have the same question considered by the Court of Errors,

The facts which appeared before referees appointed pursuant to the statute (1 R. L. 516, s. 2) ordered to be entered upon the judgment record, so that the party might review the case on error.

*B. F. Butler* moved for a rule, requiring the plaintiff to incorporate the facts contained in the case in the record of judgment.

*S. A. Foot*, contrā, could hardly suppose the motion to be urged seriously. It is unprecedented ; and the record sought for would differ from any which had ever before been made. There are but three ways of getting the facts upon record. These are by demurrer to evidence, bill of exceptions, or special verdict. He supposed some authority would be shewn for the anomaly now sought to be introduced into our forms. As well, and indeed better, might a case be turned into a special verdict or bill of exceptions, without any stipulation for the purpose. Yet this was never allowed, and has been repeatedly denied. It may be said, that if this motion be denied, we never can go from a reference into a Court of Error upon the facts appearing before the referees. That is true. If there be a question of law in the cause, the course is for the party against whom the application is made, to shew this in answer to the application for a reference ; and thus drive the party moving to a jury, where he can take a bill of exceptions. By not doing this, he waives his right to bring error, as fully as if he suffers a trial to pass without demurring to the evidence, or taking a bill of exceptions, or asking for a special verdict. He cited *Tidd*, 788 ; and said that *Sikes* v. *Ransom*, (6 *John.* 279,) *Medberry* v. *Collins*, (9 *id.* 345,) and *Lanuse* v. *Barker*, (10 *id.* 312) all go upon this ground ; and depend on a familiar principle in the English practice.

*Butler*, in reply, said the analogy to a trial and omission to demur, &c. which was insisted upon, did not hold. In that case, the party has power to demur or except ; but it is not pretended that any such form could be resorted to before referees. This motion rests upon the principle of *Shotwell's case*, (10 *John.* 304. 12 *id.* 31.) There being no other mode to get before a Court of Error than that of bringing up the facts by affidavit or case agreed upon, necessity dictates the course to be taken. The motion rests on the same ground as if the cause had been brought before the Court in the usual way by affidavit and counter affidavit.

A writ of error cannot be denied to the parties. It is a writ of right. The referees are made judges by act of law, which will give the remedy. A case in point from *England* is not to be expected. They have no such form of proceeding. References there are at common law, by the act of the Court, being a mere matter of discretion. Our statute is imperative. A question of law may or may not arise before the referees. The party is not put to determine at his peril, what no human being can do, whether a question of law is to arise before them or not. The most important question may come up there, without either party being able to anticipate it. The whole cause may turn upon the improper rejection or admission of testimony ; and, indeed, it is not always an objection to a reference, that questions of law will arise, where it appears that they are mixed up with accounts.

The judgment is always entered as upon the report. Granting this motion is only changing a general into a special report. It is introducing nothing new on the record, but merely changing the form of that which is uniformly entered there, and in the same place, with a view to further the right of the case.

*The Court* (after having the cause several days under advisement,) directed the following

RULE : " That a statement of the facts in this cause be drawn up under the direction of the Chief Justice, to be incorporated in the record. in this cause, in order that the defendants may be enabled to prosecute their writ of error, if they shall be advised so to do."

WOODWORTH, J. being interested in the cause, gave no opinion.