[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 399 
The rule must be considered as established in this state, so far as a rule can be established by adjudications, that upon money advanced by one person for the use of another, interest is recoverable from the time of the advance, in the absence of any express agreement upon the subject, unless it appears from the circumstances under which and the purposes for which the advance is made, and the relations existing between the parties, either that it was their intention that interest should not be paid or that it would be inequitable to exact it. (Liotard v. Graves,
3 Caines, 226; Pease v. Barber, id, 226; Reid v.Rensselaer Glass Factory, 3 Cow., 387; S.C. in error, 5id., 537; People v. Gasherie, 9 John. 71; Trotter v.Grant, 2 Wend., 415.)
Nothing appears in this case showing that it was not intended that interest should be paid, and there is nothing inequitable in requiring the defendant to pay it.
It is also a general rule, that upon a contract to pay money on a particular day, interest is only recoverable from the time the money is payable.
By the terms of the instruments in question, the several amounts of money therein mentioned were not payable by the defendant until the making of a dividend of the assets of the St. Lawrence Bank among its creditors, and as the instruments contain no stipulation to pay interest, it is contended that the defendant is chargeable therewith only after June 1st, 1853, when the dividend was made. By the same instruments, however, the defendant agrees to account for the several sums received, after deducting *Page 400 
therefrom the amount of his dividend, as so much money advanced to his use by the receiver; and the Supreme Court held that, inasmuch as it was a settled rule of law that interest is collectable on moneys advanced, it was to be presumed that the parties contracted in that form in reference to this rule, and that in effect the defendant agreed to pay interest. I think that court gave the correct construction to the instrument.
Had the money in question been paid into the hands of the receiver, it would have been his duty to invest it on interest and he made the investment by leaving it in the hands of the defendant. It would have been a breach of duty on his part, had he loaned the money without interest, and the leaving it in the hands of the defendant was in effect loaning it to him. It is not to be presumed that the parties intended a gratuitous loan, as the effect of making the loan was to make the receiver liable for interest, whether he can collect it or not (1 John. Ch.R., 508;id., 620). It is competent to take into consideration these circumstances, in determining the defendant's liability to pay interest, if not to give construction to the written agreement. As is shown by the authorities above cited, a party is frequently chargeable with interest without any express agreement on that subject. Where a surety pays the debt of his principal, interest is always allowed from the time of the judgment; so also on promissory notes or other contracts in writing, for the payment of money on a day certain, interest is collectable after the money is due. The reason why it is, in such cases, not ordinarily collectable, except from the time the money is payable, is that as the contract expresses the amount to be paid on the day, the presumption is either that interest was included to that day, or that it was the understanding of the parties that it should not be paid. But when the form of the contract, the consideration upon which it is based, and the circumstances connected therewith, produce such presumption, I know of no reason why the general rule that *Page 401 
on money advanced to the use of another, interest is payable from the time of the advance, should not be applicable, although by the terms of the written instrument, given as evidence of the advance of the money, is not to be repaid until a future day.
I am clearly of the opinion that the defendant should be charged with interest prior to the time the dividend was made or declared by the referee, and the remaining question is, upon what principle, and from what time or times should it be computed? It is insisted, on behalf of the defendant, that an amount equal to the dividend should first be applied thereon, and that interest should only be computed upon the overplus, from the time when such overplus was advanced. By the terms of the receipts, so much of the amount advanced as was necessary for that purpose was "to apply as an advanced dividend of this date," that is, as a payment of the defendant's dividend in advance. If, in case the dividend had been declared at the time when either of the receipts were given, the amount of it would have been the same as it was when it was actually declared on the 1st of June, 1853, I am not prepared to say but the interest should be thus computed; for although the defendant would thus be better dealt by than the other creditors, by having his money some eight years in advance of them, yet the amounts of their dividends would not have been diminished thereby. They would have had no just cause of complaint.
Whether the amount reported by Redington, to whom it was referred to ascertain the sum to be distributed among the creditors of the bank, included any interest on the assets of the bank after they came to the hands of the receiver, or after they should have come to his hands, the case does not disclose. The greater part of those assets consisted of these very moneys in the hands of the defendant, and on which I have above attempted to show the defendant was liable to pay interest; and the receiver, therefore, should have been *Page 402 
charged with the interest thereon, and it is not to be presumed that the referee neglected his duty in that respect. The fact that these moneys were allowed to remain in the hands of the defendant to be used by him, made the receiver liable for the interest thereon, irrespective of whether he could compel the defendant to pay it; and, as I think, it is to be presumed he was charged therewith by Redington. When the remaining assets came to the receiver's hands, the case does not disclose. As they were the remains of a broken bank, they doubtless originally consisted of debts on interest, due the institution at the time of its failure. Whether the receiver was charged by Redington with interest thereon after they came to his hands, we are not informed. It is possible and perhaps probable, that as to a part of these assets not in the defendant's hands, his dividend has not been increased by the interest thereon from the time he was paid in advance to the date of Redington's report.
But the defendant's dividend was not payable until June 1st, 1853, and he has had the use of the money in the mean time, and the Supreme Court have simply charged him with what the law determines to be the value of that use, from the time he received the money until he could legally demand the payment of his dividend. He is thus put upon a perfect equality with the other creditors of the bank, and I do not think he has any just cause to complain.
I think that the judgment should be affirmed.