By the Court, Monell, J.
The only exceptions argued upon this appeal, were to the charge of the judge, restricting the recovery to the net proceeds, and interest from the time the demand was made, and directing a verdict for such amount. The action for money had and received is an equitable action, and the party must show he has equity on his side. The rule in England is that interest is not recoverable in this action, (Walker v. Constable, 1 Bos. & Pull. 307,) but it is otherwise in this country. (Pease v. Barber, 3 Caines, 266. People v. Gasherie, 9 John. 71. Gillet v. Van Rensselaer, 15 N. Y. Rep. 397.) In this state interest is allowable where the circumstances of the case show that the plaintiff is equitably entitled to it.
The corn was rescued from total loss in October, 1854, and the proceeds of the sale were received by the defendants in Eovember, 1854. The insurance was effected by and in the name of Edward Savage, who sued the defendants upon the policy, to recover as for a total loss. There does not appear to be any evidence in the case, that at any time previous to the demand of the 13th of March, 1860, the defendants knew, or had any reason .to suppose the plaintiffs owned or had, any interest whatever in the corn. We asked the plaintiffs’ counsel in vain to point us to any testimony showing, or éven tending to show, such knowledge, or any thing which was calculated to even put the defendants upon inquiry. We are, therefore, to assume, that the defendants were at all times ignorant of the right of the plaintiffs to the proceeds of the corn, until they *19 demanded payment therefor. Indeed, until the determination of the suit upon the policy, in which Savage sought to recover as for a total loss of all the corn, no action would lie against the defendants for the proceeds of the corn sold, either by Savage or the plaintiffs. Savage was liable to the plaintiffs as the carrier of the corn, and a recovery upon the policy by him as for a total loss, would, indisputably, have entitled the defendants to retain, as their own, the proceeds of the corn sold. Until the extent of the defendants’ liability was fixed by the judgment in the. suit of Savage against them, the plaintiffs could not call on the defendants for payment. This last action did not terminate until April 11, 1861, when the jury, under the direction of the court, deducted from their verdict, the net proceeds of the corn sold by the defendants.
It is at least questionable whether any recovery could be had in this action, for principal or interest, until the termination of the other suit, in April, 1861.
There is nothing in the circumstances of this case, which upon the principle of ex cequo et bono, required the defendants to pay the money to the plaintiffs, or to any other party, until their right to retain it was determined in the other suit. And even if this were, not so, and the defendants were mere depositaries of the money, they could not in conscience be called upon to pay either principal or interest until it was demanded of them. In that view they were mere trustees or bailees, who are never, except under special contract, chargeable with interest. (Utica Bank v. Van Gieson, 18 John. 485.)
I am, therefore,, of the opinion that the charge of the judge, if any thing, was too favorable to the plaintiffs. But as the defendants have not appealed, the judgment can not be disturbed for that reason, and the plaintiffs can not object.
There is no force in the argument that by the pleadings the defendants admitted that they had had the use of the money, and of the interest upon it, since they received it. The denial in the defendants’ answer, that they sold the plaintiffs’ corn, or that they received therefor any money whatever to the plaintiffs’ use, is a sufficient denial that they had the use of *20 the money or of the interest upon it. The denial of the substantíve cause of action is enough to controvert all the. mere incidents, to it.., Besides, the allegation in the complaint is equivocal, and would be true, if the defendants had had the use of the money for one day, and no more, before suit brought. , In -rescuing the corn, and making sale thereof, the defendants paid from the gross proceeds, necessary expenses, which they were allowed to retain, under the ruling of the court. That the defendants had a right to intervene to save the cargo from total loss is not disputed; and even if they had no right .to sell without giving notice to the plaintiffs, there is nothing to show that they had any knowledge of the plaintiffs whatever. As the action is an equitable one for money received to the use of the plaintiffs, there is no principle in law or morals, which should make the defendants liable for any more than they actually received. Therefore the necessary expenses paid in raising and selling the corn, were properly allowed to be retained by the.defendants.
The right to. recover interest in a case of'this Idnd, is a question .of law, and not of fact, and the judge properly refused to submit 'it to the jury. Interest is the incident to a debt, and the. law -fixes the time when it begins to accrue. It is only in the- class of-cases where interest may be charged against a defendant as damages, that the jury has a right to pass upon the question. (Richmonds v. Bronson, 5 Denio, 55.)
Had there been any evidence impeaching the reasonableness of the expenses incurred in rescuing and selling the corn, it would probably have been error to have taken that question from the jury. But there is no such evidence; and had the jury, upon the question being submitted to them, found, under .the evidence, that the expenses were unreasonable, the court would have set the verdict aside as contrary to the evidence. • '
There was therefore nothing in the case upon which it was necessary for the jury to deliberate; consequently there was no error in directing a verdict for the plaintiff.
The judgment should.be affirmed.