Haroud E. Koreman, J.
Plaintiff moves for summary judgment in this action seeking a declaration that the defendant does not have the power or the 'authority to provide for or collect interest on the unpaid balance of advances made by the State of New York to the plaintiff; that defendant may not require payment of interest in repayment agreements with plaintiff; that there is no legal obligation on the part of plaintiff to pay such *182 interest unless there is a final judicial determination of the right of the defendant to impose such interest, as provided for in the agreement between the parties, dated March 1, 1965. A prior motion for dismissal of the complaint, made before issue was joined on the grounds that the court did not have jurisdiction of the subject matter and that plaintiff lacked legal capacity to sue, was denied by Mr. Justice Hunt. (New York State Thruway Auth. v. Hurd, 54 Misc 2d 1057, affd. 29 A D 2d 157.) The parties agree that there are no disputed questions lof fact, and defendant also seeks summary judgment declaring that plaintiff is legally obligated to pay interest on the advances made to it by the State, and that defendant has the authority .to provide for and collect such interest.
It is the defendant’s position that plaintiff became obligated for payment of interest under the provisions of subdivision 2 of section 357 of the Public Authorities Law wherein provision is made for an agreement between the 'authority and the State Director of the Budget that the indebtedness of the authority shall be paid at such time and in such manner as such agreement shall provide. Plaintiff, on the other hand, contends that payment of interest is not authorized by either a general or special statute and that to require it to pay interest would contravene subdivision 2 of section 93 of the State Finance Law.
To establish his right to interest defendant asserts that where the governing statutes are silent on the subject, interest is payable, and that in order to be interest free, affirmative language to that effect must be found in the statute. In support of this argument, defendant cites authorities which set forth the common-law rules relating to interest in the usual debtor-creditor relationship. However, the question presented here is whether defendant is authorized by the statute under which he claims the right to impose interest, and the common-law rules have no relevancy. As stated by Justice Foster in New York State Thruway Auth. v. State of New York (50 Misc 2d 957, 961, affd. 28 A D 2d 607) and cited with approval by Justice Hunt in New York State Thruway Auth. v. Hurd (supra, p. 1059) the principal amount was not “ advanced directly as a lo'an to the Authority but appropriated to the Department of Public Works * * * Any expenditures from the appropriation were to be repaid to the State in the manner provided by subdivision 2 of section 357 of the Public Authorities Law ”. Obviously, therefore, the right to interest must be found in the statute or not at 'all.
Defendant’s contention that interest is payable where the statute is silent as to its payment and that the statute must *183 specifically exempt interest payments must be rejected. I concur in Judge Hunt’s conclusion that (p. 1060) “ the defendant is acting in excess of his powers and beyond the requirements of the statute in seeking to compel payment of interest ’ ’, and that “ the plaintiff did not receive loans and no statute, special or general — either before or after the plaintiff was created— authorized, required or compelled the collection of interest upon the unliquidated amount ’ ’. The conclusion arrived at here is also based on fundamental rules of statutory construction. Prior to the enactment of subdivision 2 of section 357 of the Public Authorities Law, the Legislature authorized appropriations to be made by the State out of its capital construction fund to a public authority for construction of State projects or improvements (State Finance Law, § 93, subd. 2). The statute also authorized the State Comptroller to accept and receive from any such public authority ‘ ‘ amounts of money equal to the amounts of money expended by the state in behalf of * * * such authority pursuant to any such first instance appropriation and advance * * * so that the state shall be reimbursed for any and all such appropriations and advances ”. Thereafter the Legislature made specific provision for reimbursement to the State for the cost of construction of any portion of the Thruway upon plaintiff’s assuming jurisdiction thereof (Public Authorities Law, § 357, subd. 2). That statute provides that the time and manner of payment of plaintiff’s indebtedness shall be fixed by agreement between the parties hereto, and that moneys paid by plaintiff to satisfy its indebtedness shall be received by the Comptroller and deposited to the credit of the capital construction fund. Thus we can perceive a legislative policy by which the State undertook the initial financing of construction projects, over which a public authority was to assume jurisdiction, and providing for reimbursement by the authority for the amounts actually expended by the State (Public Authorities Law, § 357, subd. 2; State Finance Law, § 93, subd. 2). Consequently both statutes are required to be read and construed together to determine legislative intent. (See McCaffrey, Statutory Construction, §§ 43 and 44; Smith v. People, 47 N. Y. 330; Davis v. Supreme Lodge, Knights of Honor, 165 N. Y. 159; Matter of Farrell v. Board of Health of City of Oswego, 243 App. Div. 332.) The State Finance Law requires payment only of amounts of money equal to the amounts of money expended by the State in behalf of the Authority. To permit payment of interest, therefore, in addition to such amounts expended by defendant would be contrary to the express intendment of subdivision 2 of section 93 of the State Finance Law. The Legis *184 lature could not have intended such a result since, in enacting a statute relating to the same subject matter, it is presumed that the Legislature had knowledge of and took cognizance of existing laws on the subject. (McCaffrey, Statutory Construction, § 43; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, §§ 221, 223.)
While defendant points to prior agreements between the parties hereto which provided for payment of interest, the agreement of March 1, 1965 specifically provides for a judicial determination of defendant’s right to impose interest. This agreement was arrived at because both parties considered that there was a bona fide question as .to the right to interest provided for in the former agreements. The determination reached here is that defendant was without authority to impose interest on the balance of the advances made to the plaintiff.
Accordingly, plaintiff’s motion for summary judgment for the relief sought in the complaint is granted.