■ NEW YORK STATE THRUWAY AUTHORITY, Respondent, v. T. NORMAN HURD, as Director of the Budget of the State of New York, Appellant.— AULISI, J. Appeal from an order of the Supreme Court at Special Term, entered June 17, 1968 in Albany County, which granted the motion of the plaintiff for summary judgment. The plaintiff Thruway Authority is asking for a judgment declaring that no interest is owing to the State of New York on the unpaid balances of advances from the State to the Authority. In a previous appeal, we ruled that the Supreme Court had jurisdiction over the subject and that plaintiff had legal capacity to sue (29 A D 2d 157). The State has advanced funds to the Authority under various appropriations acts. Subdivision 2 of section 357 of the Public Authorities Law provides that the Authority " shall be indebted " to the State for these amounts, and that the Authority and the Budget Director must enter into an aagreement that " such indebtedness shall be paid at such time or times and in such manner as such agreement shall provide ". Subdivision 2 of section 93 of the State Finance Law permits the State Comptroller to accept and receive from a public authority sums " equal to the amounts of money expended by the state in behalf of  *  *  *  such authority ", and to deposit the moneys to the credit of the

capital construction fund "so that the state shall be reimbursed for any and all such appropriations and advances." The advances have been the subject of several agreements between the parties. Only the fourth, sixth and seventh contained interest charges. The later contracts expressed the doubts of the Authority that interest charges could validly be imposed and provided for studies and negotiations to resolve the problem. The final contract, dated March 1, 1965, directed the submission of the controversy to this court on agreed facts, but the parties were unable to concur in a statement and the present action resulted. As a general rule, interest is allowed only when provided for by contract, express or implied, or by statute, or when, as damages, it becomes due after a default by the person liable for payment (*Matter of Ittleman* [*City of New York*], 286 N. Y. 150, mot. for rearg. den. 286 N. Y. 695; *De Soye* v. *Kaplan*, 23 A D 2d 560, 561–562, affd. 17 N Y 2d 532). The written agreement in question here, as ultimately formulated, does not specifically impose interest and thus no such charge may be exacted by virtue of an express contract. Nor can a right to interest be said to have arisen by implication. From the conduct of the parties over the years, it is evident that no meeting of the minds has been achieved on the subject and the terms of the contract itself are made contingent upon a judicial decision. Since there is so thorough a dispute as to whether interest should be paid, it would be improper to find an implied contract by reason of the nature of the advance, the negotiations concerning repayment, or the general circumstances surrounding the transaction and those decisions which employ such an approach (see, e.g., *Gillet* v. *Van Rennselaer*, 15 N. Y. 397, 399; *Rodgers* v. *Clement*, 162 N. Y. 422, mot. for rearg. den. 163 N Y 569) are deemed inapplicable. The final issue on this appeal, therefore, is whether interest is required by law apart from any agreement between the parties. No such legal mandate can be found. Neither the individual appropriations acts nor the pertinent general laws provide for interest. No rate of percentage is specified, and the word "interest" is nowhere set forth. The use of the term "reimburse" in subdivision 2 of section 93 does not necessitate a conclusion that interest must be paid, since the same clause declares that the amounts received by the Comptroller shall be "equal to the amounts * * * expended". It is unnecessary to decide whether under the statutes of the State of New York the Budget Director and the Authority had the power to contract for interest. We hold only that they had no obligation to do so. Order affirmed, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J. [57 Misc 2d 181.]