George L. Cobb, J.
In this action for declaratory, injunctive and other relief, plaintiff moves for a preliminary injunction and defendants move for (1) dismissal of the action upon claims that plaintiff has failed to state facts sufficient to entitle her to any relief or to demonstrate that she is entitled to the remedy sought by her in this action and (2) summary judgment. Under these circumstances, the court may properly proceed to a final disposition of the action on the merits (Boryszewski v Brydges, 37 NY2d 361, 365).
Although section 503 (subd 2, par [6]) of the Vehicle and Traffic Law contains a schedule of the fees that shall be paid for new or renewal driver’s licenses, the defendant commissioner, by promulgating a new subchapter M of his regulations (15 NYCRR Part 170), has doubled or trebled those fees for those operators against whom he has recorded one or more "convictions or bail forfeitures which occurred within the thirty-six month period” preceding the approval of the new, or the expiration of the old, operator’s license. Since the plaintiff in this action had one such conviction recorded against her, she was compelled to pay an increased fee to obtain a renewal of her operator’s license after September 1, 1976, and in this action she claims that the commissioner was without authority to increase the fees. The commissioner, however, says that he was entitled to do so because the Legislature, when it appropriated, by chapter 50 of the Laws of 1976, a sum in excess of $1,300,000 for "administration of the driver improvement programs, established on July 1, 1976, pursuant to regulations to be established by the Commissioner of Motor Vehicles” provided therein that expenditures from that appro *105 priations were to be "reimbursed by the receipts from fees established by the Commissioner that are sufficient to cover the total cost of operating this program” (italics added). In rebuttal, the plaintiff says that the commissioner has misconstrued the statute and says further that, if the commissioner’s construction be the correct one, the statute is unconstitutional as an improper delegation of legislative power and as a violation of the constitutional guarantees of due process and equal protection.
In approaching this statutory construction problem, the court is mindful that "[e]very statute is to be construed with reference to the general system of laws of which it forms a part” (Matter of Littleton, 129 Misc 845, 848) and "in enacting a statute relating to the same subject matter, it is presumed that the Legislature had knowledge of and took cognizance of existing laws on the subject.” (New York State Thruway Auth. v Hurd, 57 Misc 2d 181, 184, affd 31 AD2d 563, affd 25 NY2d 150.) Furthermore, with the possible exception of an emergency situation, the Legislature may not delegate to others its power to repeal general statutes (Matter of Benvenga v La Guardia, 294 NY 526, 533; cf. Matter of People [Title & Mtge. Guar. Co.], 264 NY 69, 96-97) and the delegation of broad powers by the Legislature is appropriately confined to fields "where flexibility and the adaptation of the legislative policy to infinitely varying conditions constitute the essence of the program.” (Matter of Levine v Whalen, 39 NY2d 510, 515.)
Although in the past the State Legislature has specified the precise amount which must be paid for various licenses issued pursuant to the Vehicle and Traffic Law (e.g., §§ 398-c, 401, 410, 415, 415-a, 2222, 2251), the commissioner is now claiming that the Legislature has delegated to him the responsibility and authority to devise and impose a new fee structure, which would impliedly amend or repeal existing statutes, so that there might be realized from the motoring public a sum in excess of $1,000,000 in addition to the sums previously paid by such public. If the Legislature had actually intended to depart from its previous pattern and delegate to an administrative official the power to decide which segment of the public should be compelled to fund this particular program, the court believes that it would have selected specific, clear and simple language to accomplish that purpose, but it did not.
On the other hand, the legislative language may reasonably be construed to mean that the commissioner was empowered *106 to spend only so much of the said appropriation for driver improvement programs as could be funded from fees which had already been, or could thereafter be, established by the commissioner pursuant to the discretionary authority which was already his under existing statutes. While it would seem that the commissioner’s specific statutory authority to set fees existed only with respect to the fees for the instructional programs established or authorized by articles 21 and 21-A of the Vehicle and Traffic Law, and such source could not reasonably be expected to yield the full sum which the Legislature had appropriated for “driver improvement programs”, the logical conclusion which must be drawn is that the Legislature intended to limit spending under that appropriation to the sums that could reasonably be raised in the exercise by the commissioner of his authority to set fees under the said existing statutes.
Accordingly, as authorized by CPLR 3212 (subd [b]), the court will grant a summary judgment which will (1) declare that the newly promulgated subchapter M of the commissioner’s regulations is invalid, (2) permanently enjoin the enforcement thereof and (3) direct the defendant commissioner to forthwith reimburse the plaintiff for the sum of $4.50 which was unlawfully assessed against her. In all other respects, each of the pending motions will be denied.